**Tad Anthony ISOM, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 87–1491.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1988.

Decided May 25, 1988.

Jack Gillean, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

In this habeas action, Tad Anthony Isom contends he was denied effective assistance of counsel and due process at his rape trial. We reject his arguments and affirm the District Court's [1] adoption of the magistrate's recommendation.[2]

Isom's lawyer was an associate in the firm he hired to defend him. She did not have much experience with felony jury trials. Isom argues that several of her actions, taken together, constitute ineffective assistance of counsel. First, he claims she mishandled the voir dire. Potential jurors were questioned in groups of three, with the rest of the venire listening. Isom's lawyer asked the veniremen, "Do you realize that Mr. Isom has the right to testify in this case or not to testify in this case?" One potential juror responded, "I understand the law but I think if I was in it I would want to testify.... I think I would be man enough to want to tell my side." The two other veniremen in his group responded similarly, and all three were excused. Isom argues that at this point his attorney should have moved for a mistrial on the grounds that the entire venire was tainted by hearing those opinions. When a later group of three was asked that question, two potential jurors expressed the same opinion. One concluded, however, that he could put aside his personal feelings and follow the law. This man was seated on the jury, though the defense still had peremptory challenges remaining. Isom contends this was another mistake on his lawyer's part. Isom also argues his lawyer undermined his case when she refused to allow him to take the stand. He says he would have vehemently denied that a rape occurred, offered an explanation

Larry D. Vaught, Little Rock, Ark., for appellant.

---

1. The Hon. Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The Hon. John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

why the victim jumped out of his moving car, and disputed the time frame laid out by the victim, if he had testified.

 To sustain a claim of ineffective assistance of counsel, appellant must show that his lawyer's representation fell below an objective standard of reasonableness and that, but for these errors, there is a reasonable likelihood that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Isom does not meet this burden. Laying aside the question of adequate advocacy, he does not show his lawyer's decisions prejudiced him. Three veniremen with strong opinions about the Fifth Amendment were not seated. We do not believe that the articulation of their views tainted the other veniremen. The one juror with reservations about a defendant's taking the Fifth who was seated vowed to set aside those feelings and follow the law. We must assume he kept his word. Thus, Isom cannot show his lawyer's decisions at voir dire prejudiced his case. The question of whether Isom should have been put on the stand is more difficult. Isom did have the right to testify in his own defense. However, there was contradictory testimony on whether he asked to testify at trial. His lawyer concedes that if the defendant wanted to take the stand she should have gone along with his wishes, though preserving for the record that he testified over her objection. In any event, it is not shown that failing to testify prejudiced Isom. Indeed, had he taken the stand, the prosecution might well have successfully impeached him. Thus, we do not believe Isom is entitled to habeas relief on this claim.

Isom argues his right to due process was disregarded when, in violation of Arkansas law,[3] the judge, prosecutor, and defense attorney entered the jury room during deliberations in order to answer the jury's question about civil damages. The statute specifies that the jury must be brought back into the courtroom to have its questions answered. While the conduct complained of might give Isom relief in state court, it does not rise to the level of a constitutional violation, and thus does not entitle him to habeas relief. The mere violation of state law, without more, does not amount to a deprivation of due process in violation of the Fourteenth Amendment. Nor does Isom even begin to show that the violation had any adverse effect on his case.

The judgment of the District Court is affirmed.

---

**3.** Ark.Stat.Ann. § 43–2139, the statute in effect at the time, provided:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon

their being brought into court, the information required must be given in the presence of, or after notice to, counsel of the parties. The State Supreme Court has held that failure to comply with the statute can be reversible error. See, *e.g., Tarry v. State*, 289 Ark. 193, 710 S.W.2d 202 (1986).