**Duane E. WRIGHT, Appellant,**

v.

**Crispus C. NIX, Appellee.**

**No. 90–2004SI.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1991.

Decided March 18, 1991.

---

Stephen J. Rapp, Waterloo, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before ARNOLD, and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Wright appeals the district court's [1] denial of his petition for habeas relief on the grounds that the state improperly excluded two non-white jurors from his venire panel. We conclude that Wright has failed to show cause for not directly raising this claim at his trial or in the appeal of his conviction by failing to show that his trial counsel's assistance was ineffective. Thus, we affirm the district court.

## I. BACKGROUND

Wright was convicted of first degree murder in Black Hawk County, Iowa, in 1984. He is now serving a life sentence that was affirmed on direct appeal in 1985. Post-conviction relief proceedings and appeals in state court did not find fault with the proceedings which resulted in Wright's conviction. This habeas action was finally instituted in July 1989 in the Southern District of Iowa. Only one claim for relief exists for our consideration.

At Wright's trial, the prosecution exercised two of its peremptory strikes to remove two non-whites, one of Korean ancestry, the other, like Wright, a black person. Wright's trial counsel did not object to the strikes or in any other way preserve a complaint about the selection of the jury. Trial counsel testified at the state post-conviction hearing that he thought such strikes were immoral but not illegal. Ultimately, we must decide whether that conclusion amounted to ineffective assistance under the then-extant case law concerning a state's peremptory exclusion of minorities from jury service.

Neither the Iowa Court of Appeals nor the District Court found constitutionally deficient representation by Wright's trial counsel. Over a dissent, and despite its belief that Wright had shown a pattern of exclusion of blacks from criminal juries in Black Hawk County, the Iowa Court of Appeals affirmed denial of post-conviction relief to Wright because he had failed to demonstrate prejudice by his counsel's silence in the face of the state's strikes. *Wright–Bey v. State*, 444 N.W.2d 772 (Iowa App.1989). In his habeas action,

---

**1.** The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Wright did not seek an evidentiary hearing before the district court and relied on the transcripts from the state proceedings alone. After reviewing this record, the district court denied habeas relief and found that Wright had shown neither prejudice nor deficient service by his trial counsel.

## II. DISCUSSION

Having failed to make an argument at trial or on direct appeal about the composition of his jury, Wright can only raise the question in a collateral federal attack on his state conviction if he can show cause and prejudice for his earlier omission. *Teague v. Lane*, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989) (citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)) (other citations omitted). That cause, he argues, is the ineffective assistance of his trial counsel. Thus, before he can be heard as to his substantive jury claim, Wright must first demonstrate deficient assistance and resulting prejudice to him by his trial counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2]

Part of that determination, however, does require discussion of the applicable constitutional law of state peremptory strikes. In that respect, this case is controlled by *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and not by *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), because Wright's direct appeal was concluded before *Batson* was handed down by the Supreme Court. *See Allen v. Hardy*, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) (per curiam); *cf. Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Despite Judge Schlegel's ardent position that *Teague* would allow retroactive application of *Batson* in this case, *Wright–Bey*, 444 N.W.2d at 777–

78 (Schlegel, J., dissenting), we believe that *Allen* and *Griffith* leave no room for us to reach that conclusion. And, in any event, *Strickland* must be taken up first.

"To sustain a claim of ineffective assistance of counsel, appellant must show that his lawyer's representation fell below an objective standard of reasonableness and that, but for these errors, there is a reasonable likelihood that the result of the proceeding would have been different." *Isom v. Lockhart*, 847 F.2d 484, 486 (8th Cir. 1988) (citing *Strickland*). Our first question must be whether Wright's trial counsel's failure to object to the peremptory strikes exercised by the prosecution "fell below an objective standard of reasonableness." *Id.* We answer in the negative.

Though we have independently examined the record of this case, an affirmative answer is all but foreclosed by *Horne v. Trickey*, 895 F.2d 497 (8th Cir.1990). In *Horne* we concluded that failure to raise a *Swain* argument on direct appeal was not ineffective assistance of appellate counsel, despite a preserved objection from trial. We noted that *Swain*, not *Batson*, applied and that "Horne's appellate counsel considered the *Swain* issue and decided not to raise it since the record did not contain sufficient evidence to support such a claim." *Id.* at 500. We would be inconsistent in our application of *Strickland* and in our measurement of ineffective assistance if we now concluded that the *Swain* standard for examining the use of peremptory challenges required a trial objection in this case, when we have only recently said that *Swain* did not require appellate argument where a trial objection had already been preserved. Further on this point, Wright cannot avail himself of *Garrett v. Morris*, 815 F.2d 509 (8th Cir.), *cert. denied*, 484 U.S. 898, 108 S.Ct. 233, 98 L.Ed.2d 191 (1987), wherein we granted the Writ for a *Swain* violation. In *Garrett*, a contemporaneous trial objection had been made, thus

---

**2.** Apart from attempting to show ineffective assistance as cause for failure to earlier raise a constitutional claim of illegal use of peremptories, Wright's claim of ineffective assistance can be understood as an independent basis for seeking the Writ. The two theories of habeas relief are somewhat inextricably blended by the facts of his case. However, either as cause or as a separate claim, the examination of Wright's habeas appeal must begin with his charge of ineffective assistance.

the petitioner was not required to leap the procedural hurdle of ineffective assistance. Wright first faces that logical vault, which we conclude he cannot make.

Some suggestion has been made, however, that Wright's trial counsel did not even know the state of the law with respect to peremptory challenges under *Swain*. We have been asked how we can gauge whether counsel's failure to object was deficient or not if he did not know the law. This is the wrong question. We need not ascertain whether Wright's trial counsel knew what the law required under *Swain*, though, of course, he should have known. We need only determine whether the law required that an objection to the striking of two non-white jurors be made in this case to prevent trial counsel's representation from falling below an objective standard of reasonableness.

As indicated, we do not believe that the law demanded such an objection. *Swain*'s very difficult burden simply did not require that Wright's trial counsel object to the prosecution's two strikes as exercised in this case in order to provide minimal constitutional representation to Wright. By this statement we are not reaching, let alone deciding, the substantive *Swain* claim. We are only saying that failure to object to the striking of one black venire panel member and one Korean member was not deficient legal service for constitutional purposes. This point is unfortunately (but understandably) obfuscated by the Iowa Court of Appeals' determination that, in his post-conviction hearing, Wright demonstrated a pattern of discriminatory peremptory strikes by the state in Black Hawk County. *Wright–Bey*, 444 N.W.2d at 776. That determination is premature (and unnecessary) to the analysis we have made deciding the efficacy of Wright's trial counsel's representation. As the district court said, "[t]he trial attorney was reasonable in reaching the conclusion at the time that what seemed unfair was not unlawful. Held to the yardstick of pre-*Batson* precedent, the attorney for [Wright] acted reasonably in failing to challenge the prosecutor's p[ere]mptory challenges." Order Denying

Petition at 3, Clerk's Designated Record at 26. We affirm the district court.

We need not determine whether Wright has shown the required resulting prejudice required by *Strickland*, though the district court's conclusion is likely correct that Wright has failed to show such prejudice. Likewise, we do not reach the substantive *Swain* question, because Wright has failed to show cause by reason of ineffective assistance for his omission of this argument before the state trial court.

With respect to prejudice, Wright has argued along the lines of Judge Schlegel's dissent from the decision of the Iowa Court of Appeals that requiring defendants to show prejudice by showing the likelihood of a different outcome asks of them the impossible. That is, how can Wright ever show that if a different jury had been seated it would have acquitted him? Wright suggests he should have to show only that a different, impartial jury would have been seated in order to demonstrate prejudice. We disagree because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. We have already concluded that Wright's trial counsel was not professionally unreasonable. However, even if he had been, we do not believe that Wright could then make the requisite showing that failing to object to the striking of a Korean panel member (for language reasons) and the lone black panel member (for unknown reasons) had an effect on the judgment of conviction.

We point out that under *Swain* and *Strickland* Wright's burdens are every bit as difficult as he has imagined them. The powers of this court to secure and defend constitutional guarantees do not include the power to grant them sua sponte. Though in this case it might appear that a right not preserved was a right lost, we are properly compelled to require that even constitutional claims be correctly preserved and presented before we exercise collateral federal authority to undo a direct state

court judgment. Wright has failed to demonstrate the necessary cause to empower the federal courts to invade and undo the judgments of the courts of Iowa.

## III. CONCLUSION

Wright's trial counsel's lawyering was not constitutionally deficient even though he neglected to object to the state's peremptory strikes in this case. Because trial counsel was not deficient, his services were not ineffective. The inability to demonstrate ineffective representation, in turn, leaves Wright without cause for failure to raise his *Swain* argument directly in state court. Therefore, the judgment of the district court denying habeas relief is affirmed.

ARNOLD, Circuit Judge, concurring.

I agree that the judgment of the District Court, dismissing this petition for habeas corpus, should be affirmed. My reasoning in reaching this result, however, differs somewhat from the Court's, and I write separately to explain that difference.

To me, this case can be disposed of solely on the issue of prejudice, as that term is used in applying the *Strickland* test for ineffective assistance of counsel. I would assume for purposes of argument that counsel was guilty of ineffective assistance in failing to make a proper *Swain* argument at the time of Wright's trial. I further assume that, had the argument been properly pressed, the one black juror who was the subject of a peremptory strike would have served on the jury. (A panel member of Korean descent was also struck, but the reason given was that the juror was unfamiliar with the English language, and this seems to me a legitimate, nondiscriminatory reason.) There is absolutely no reason to suppose that a jury so constituted would have reached a different result in petitioner's trial. Indeed, petitioner does not even make this argument.

Wright urges instead that the proper definition of prejudice for *Strickland* purposes in the present context should focus on whether he received a trial by a jury that was constitutionally chosen. It seems quite likely that he did not. Indeed, the Iowa Court of Appeals was itself of the view that there had been a systematic pattern of exclusion of black people from criminal juries in Black Hawk County, Iowa. This is the kind of prejudice that would, I think, have been entirely sufficient to produce a reversal on direct appeal if the record had been properly preserved. But it is not, it seems to me, the kind of prejudice that the *Strickland* Court had in mind. An injustice has been done here, all right, but the injustice is more to the black citizens of Black Hawk County as a group—unfairly preventing them from serving on juries— than it is to the petitioner himself. He has not shown that the individual jurors who tried him were not impartial, and, as already noted, he has not even begun to show that the presence of the black juror in question on the jury that tried him would have affected the outcome at all. It is in the sense of outcome, I submit, that the *Strickland* Court used the term "prejudice." The focus is on the outcome of the individual trial. Is there a reasonable likelihood that it would have been different? Here, I am persuaded that there is no such likelihood, and I therefore agree that this judgment should be affirmed.