**Dean FREY, Appellant,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary; and Roger Tellinghuisen, Attorney General, State of South Dakota, Appellees.**

**No. 90–5325.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1991.

Decided April 26, 1991.

Rehearing Denied July 16, 1991.

Rita D. Haverly, Sioux Falls, S.D., for appellant.

Wade A. Hubbard, Pierre, S.D., for appellees.

Before McMILLIAN, ARNOLD and LOKEN, Circuit Judges.

ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Dean Frey, a South Dakota inmate presently serving two concurrent sentences of twelve years' imprisonment for aggravated assault. Mr. Frey attributes error of constitutional magnitude to the state trial court's refusal to give several of his proposed jury instructions. A magistrate judge [1] recommended that Mr. Frey's application for writ of habeas corpus be denied. The District Court [2] adopted the Magistrate's Findings and Recommendations, dismissed the petition, and denied petitioner's application for a certificate of probable cause for appeal. This Court initially denied petitioner's request for a certificate and dismissed the appeal.

---

1. The Hon. Thomas Parker, United States Magistrate Judge for the District of South Dakota.

2. The Hon. Richard H. Battey, United States District Judge for the District of South Dakota.

Upon rehearing, a certificate of probable cause was granted, and the appeal was set for oral argument. We now affirm the judgment of the District Court.

The events leading to petitioner's convictions are related in the opinion of the South Dakota Supreme Court affirming Mr. Frey's convictions on direct appeal. *State v. Frey*, 440 N.W.2d 721 (1989). We recite only an abbreviated version here. On the evening of September 28, 1986, Michael Schmeltzer, a South Dakota Wildlife Conservation Officer, received an anonymous tip that the carcasses of two animals, appearing to be deer, were hanging from some farm machinery at "the old Dean Frey place." South Dakota had no open season on deer at the time. Schmeltzer asked another law-enforcement officer, Perkins County Deputy Sheriff Nick Schaefer, to accompany him during his investigation of possible illegal poaching.

Schmeltzer and Schaefer used binoculars and a sighting scope to view the carcasses from a highway adjacent to the Frey ranch. With darkness fast approaching, however, they were unable to identify the species of the animals. Desiring a closer look, the two officers drove onto the Freys' property behind a pick-up truck driven by the petitioner's brother, Roland Frey, who had just returned from his parents' home. Roland demanded to know what the officers were doing there, and told them they needed a warrant to be on his property. From this point the stories differ, but loud arguments, abusive language, and apparently some scuffling ensued. Schmeltzer claims that Roland insisted that Schmeltzer see the animals himself. Roland, on the other hand, claims he did not invite Schmeltzer for a closer look at the animals, and that he tried to prevent Schmeltzer from walking up the hill to view the carcasses.

When the pair reached the animals, Schmeltzer saw that they were goats, not deer. Dean Frey then appeared on the scene with a shotgun. Petitioner swore at Schmeltzer, accused him of spreading rumors about marijuana plants on the Frey ranch, and fired at least two shots in the air. Petitioner claims he told Schmeltzer, "Hey, you got no warrant. Get out of here." Tr. 270. Schmeltzer testified that Dean Frey aimed the shotgun at him and said, "I've got every right to kill you. I think I will blow your [expletive deleted] away.... You better get ... off of my property before I kill you." Tr. 123. Before the officers left the property, according to Schmeltzer, Dean Frey repeated his threat: "You're dead. I'm going to kill you right now...." Tr. 125. A Perkins County Grand Jury returned an indictment charging petitioner with two counts of aggravated assault for placing Schmeltzer and Schaefer in fear of imminent serious bodily harm, in violation of S.D.C.L. § 22–18–1.1(5). A jury found petitioner guilty of both counts.

In his petition for federal habeas relief, Mr. Frey claims that he was denied due process of law when the trial court refused to instruct the jury on the South Dakota law of self-defense, defense of others, and mistake of fact. He also claims that his due-process rights were violated when the trial court determined, as a matter of law, that the officers were not trespassing, and refused to instruct the jury on the justifiable use of force to prevent a trespass. In essence, petitioner claims that because he submitted evidence that the two officers were on his property at night, without a search warrant, and appeared to him to be endangering his brother's life, he was entitled to these jury instructions in order to put on an adequate defense.

We begin with petitioner's proposed instruction on the justifiable use of force to prevent a trespass. The trial court ruled as a matter of state law that the officers were not trespassing. The South Dakota Supreme Court affirmed this ruling. 440 N.W.2d at 726. We do not revisit this issue to determine whether or not the trial court correctly applied South Dakota law. We are bound by the holding of the Supreme Court of South Dakota on the law of its own State. Rather, Mr. Frey is entitled to habeas relief only if he can show that a federal constitutional right was not adequately protected by the instructions given to the jury. Therefore, the relevant questions are, first, whether the officers' pres-

ence on the property was unlawful under the Fourth Amendment, and if so, whether or not the unconstitutional actions of the officers warranted a jury instruction on justification of the use of force to prevent a trespass.

■ We need reach only the first inquiry. The officers' entrance onto the Frey ranch without a warrant was permissible under the Fourth Amendment. The Fourth Amendment protects against unlawful searches of homes and persons, but does not extend to open fields. See *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). The two carcasses, which the officers thought might be evidence of illegal poaching, were displayed in an open field. In the words of the South Dakota Supreme Court, "the goat carcasses were hung from the raised scoop of a farmhand [a front-end loader attached to a tractor] in an open farmyard and were clearly visible from either of the two county roads which are appurtenant to Frey's property. Only the officers' distance from the animals and the increasing darkness of the evening prevented them from positively identifying the species of the animals." 440 N.W.2d at 727. It is of no import that the animals turned out to be goats. The officers made a good-faith and reasonable entry onto the property.

■ We next consider whether the trial court's refusal to instruct the jury on self-defense, defense of others, and mistake of fact violated Mr. Frey's right to due process. Mr. Frey contends that he presented sufficient evidence to support the instructions, and the instructions were a necessary part of his theory of the case. Even if the failure to give these instructions was an error of state law, however, which the South Dakota Supreme Court held it was not, 440 N.W.2d at 727–28, in order to obtain federal habeas relief, the error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

We are convinced that Mr. Frey received a fair trial. Granting that petitioner initially may have thought his brother was in danger, and did not know, at first, that the two men on his property were law-enforcement officers, Dean Frey's subsequent actions contradict his claims that he acted in defense of himself or his brother, or under a mistake of fact. Within moments of his arriving on the scene, before he discharged his shotgun, Dean Frey knew who the officers were. Tr. 269. Roland Frey told his brother what the officers were doing on the property. Tr. 216–17, 268. Dean admitted that he fired two shots in the air, while yelling angrily at the two men. Tr. 270, 272. The only testimony possibly supporting an instruction of defense of others is petitioner's statement that, soon after petitioner encountered his brother and Schmeltzer, he saw Schmeltzer reach for his gun. Tr. 267. But according to petitioner's own testimony, the threatening words and the shotgun blasts occurred after Schmeltzer started to walk away. Tr. 270.

■ Petitioner relies upon *United States ex rel. Means v. Solem*, 646 F.2d 322 (8th Cir.1980), in which this Court held that a failure to instruct the jury on self-defense and defense of others amounted to constitutional error. No such error occurred here. Unlike the petitioner in *Means*, Mr. Frey is unable to show compelling facts of imminent danger and a reasonable response. Failure to give an appropriate theory-of-defense instruction, without more, is not a violation of the Due Process Clause. *Means*, 646 F.2d at 332. Some other circumstances, demonstrating a serious miscarriage of justice, must be present. This record contains no such circumstances.

For these reasons, the judgment of the District Court is affirmed.