963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gene L. PERRY, Plaintiff,
v.
Abu Hanif ABDAL-KHALLAQ, Defendant.
 No. 92-1072.
 United States Court of Appeals,
First Circuit.
 June 4, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 D.Mass.
 AFFIRMED.
 Gene L. Perry on brief pro se.
 Scott Harshbarger, Attorney General and Ladonna J. Hatton, Assistant Attorney General, on brief for appellee.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant, Gene L. Perry, was convicted of arson and first-degree murder in a Massachusetts court in 1980. Perry appealed his conviction to the Massachusetts Supreme Judicial Court (SJC), which ruled that the trial court had omitted a necessary jury instruction concerning the effect that Perry's intoxication at the time of the murder might have had on the jury's ability to find that he had acted with "extreme atrocity and cruelty." Extreme atrocity and cruelty is an element of first-degree murder; consequently, the SJC reduced Perry's homicide conviction to second-degree murder. Commonwealth v. Perry, 385 Mass. 639, 648-50 (1982).
 
 
 2
 Since his direct appeal, Perry has shuttled between the Massachusetts and federal courts with a series of pro se applications for post-conviction relief. He filed two motions for a new trial in the Massachusetts courts, one in 1984 and one in 1988; both were denied. He has also filed three petitions in federal court for a writ of habeas corpus. The district court dismissed the first two petitions because each contained claims as to which Perry had not exhausted his remedies in state court. This appeal concerns the dismissal of Perry's third habeas petition.
 
 
 3
 The current petition, in Paragraphs 12A through 12J, makes ten claims. We affirm the dismissal of the eight claims in Paragraphs 12B, and 12D through 12J, for essentially the reasons stated in the district court's order. With respect to Paragraph 12B, we agree with the district court that dismissal was in order because Perry failed to allege any facts to support a claim that the state trial court violated his constitutional rights when it denied his motion for a required finding of not guilty. It is a rule of long standing in this circuit that "[w]e do not accept 'notice' pleading in habeas corpus proceedings." Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970). The rule applies even to pro se petitions. See, e.g., Bernier v. Moore, 441 F. 2d 395, 396 (1st Cir. 1971).
 
 
 4
 With respect to Paragraphs 12D through 12J, we agree with the district court that Perry is barred by his procedural default in state court from bringing these claims in federal court. An adequate and independent finding of procedural default by a state court "will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' " Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted).
 
 
 5
 In his second motion for a new trial, Perry asserted the same seven claims contained in Paragraphs 12D through 12J. The Superior Court judge who heard the motion refused to act on it, and Perry applied to the Massachusetts Appeals Court for review. The Appeals Court affirmed the decision to reject the motion outright, ruling that under settled Massachusetts law the claims made in the motion either "were ... issues which were available for review on the defendant's direct appeal, ... or were matters which may not be raised on a motion for a new trial." Commonwealth v. Perry, No. 88-P-629 (Mass.App.Ct. November 14, 1988). Therefore, the claims were waived.
 
 
 6
 Although the Appeals Court went on to consider briefly the merits of Perry's motion (and to find nothing that might entitle him to a new trial), it is clear to us that the decision rested independently on Perry's procedural default. The Supreme Court has said that the procedural bar doctrine applies even if a state court reaches the merits of a claim in an alternative holding, "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." Harris v. Reed, 489 U.S. at 264 n.10.
 
 
 7
 We think it equally clear that the procedural rule used by the Appeals Court constituted an "adequate" ground for decision, inasmuch as the rule has been "consistently [and] regularly applied." Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989). Under Massachusetts law, " 'a motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court, or forgone that opportunity." Fogarty v. Commonwealth, 406 Mass. 103, 107 (1989). This has been the "unbroken practice" in Massachusetts for many years. Commonwealth v. McLaughlin, 364 Mass. 211, 229 (1973) (quoting Commonwealth v. Dascalakis, 246 Mass. 12, 24 (1923)). It was therefore appropriate for the district court, in the absence of any showing of "cause" or "prejudice," to invoke the procedural default to bar Perry's attempt to resurrect his claims in federal court.
 
 
 8
 Finally, we affirm the dismissal of the claims in Paragraphs 12A and 12C, though for reasons different from those stated by the district court. The district court found that Perry had not "exhausted" his state remedies with respect to these two claims, see 28 U.S.C. § 2254(b), but ruled that it could nevertheless consider their merits pursuant to Granberry v. Greer, 481 U.S. 129 (1987). We conclude that the claims were exhausted.
 
 
 9
 Under 28 U.S.C. § 2254(c), a habeas petitioner has failed to exhaust his state remedies only if, with respect to a particular federal claim, "he has the right under the law of the state to raise, by any available procedure, the question presented" (emphasis added). If the federal habeas court finds that the petitioner has forfeited review of the claim in state courts by virtue of some procedural default, then there is no "available" state procedure and the claim, though never actually put before the state court, can be deemed exhausted. See Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (since petitioners could have raised constitutional challenge at trial or on direct appeal, "we agree with the lower courts that state collateral relief is unavailable to respondents and, therefore, that they have exhausted their state remedies with respect to this claim"); Harris v. Reed, 489 U.S. at 268 (1989) (O'Connor, J., concurring); Carsetti v. Maine, 932 F.2d 1007, 1011 (1st Cir. 1991) ("Without an available remedy in state court, petitioner has thus satisfied the exhaustion requirement"). This principle applies to the case at hand. Were Perry now to seek relief in state court for the constitutional claims contained in Paragraphs 12A and 12C, the Massachusetts courts would declare him in procedural default because Perry could have, but did not, raise these claims in his two previous motions for a new trial. Under Mass. R. Crim. P. 30(c)(2), any grounds not raised in a prisoner's first motion for a new trial "are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion."
 
 
 10
 Nothing prevented Perry from raising Paragraph 12A's equal protection argument in either of his two motions for a new trial. A Massachusetts court might, it is true, excuse Perry's failure to raise the claim contained in Paragraph 12C in his first motion for a new trial because the claim "could not reasonably have been raised" when Perry filed the motion in 1984. It was not until April 1985, in Commonwealth v. Henson, 394 Mass. 584, 593 (1985), that the SJC first suggested that denying a criminal defendant the opportunity to rely on intoxication as a defense might raise a constitutional due process issue. However, Perry could reasonably have raised the issue in his second motion for a new trial, filed in 1988, and the omission of the claim from that motion was a procedural default under Rule 30(c)(2). The claims, therefore, were exhausted.
 
 
 11
 To say that the inevitable prospect of a procedural default in state court renders a claim exhausted, however, is not to say that this form of compliance with the exhaustion requirement opens the claim up to federal adjudication on the merits. To the contrary, a prisoner who would be "procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default." Toles v. Jones, 888 F.2d 95, 98-9 (11th Cir. 1989). See also Teague v. Lane, 489 U.S. 288, 297-99 (1989); Engle v. Isaac, 456 U.S. 107 (1982); Church v. Sullivan, 942 F.2d 1501, 1507 n.5 (10th Cir. 1991); Wright v. Nix, 928 F.2d 270, 272 (8th Cir. 1991); Thigpen v. Thigpen, 926 F.2d 1003, 1010 n.17 (11th Cir. 1991); Reese v. Peters, 926 F.2d 668, 671 (7th Cir. 1991); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).
 
 
 12
 The record here contains not even a glimmer of cause. Because he represented himself in the Massachusetts post conviction proceedings, Perry cannot pass the buck for the default by claiming ineffective assistance of counsel.[1] Nor does the record demonstrate or even hint at (1) the existence of "some objective factor external to the defense" that might have impeded Perry's efforts to comply with the state's procedural rules, Murray v. Carrier, 477 U.S. 478, 488 (1986), or (2) some interference by officials that made compliance impracticable. Id. As noted above, the factual and legal bases for both claims were evident no later than April 1985, three years before Perry filed his second motion for a new trial.[2]
 
 
 13
 Affirmed.
 
 
 
 [1]
 The fact that Perry appears pro se here, and appeared pro se in the proceedings on his motions for a new trial, does not excuse him from compliance with the rigorous cause and prejudice standard. See Barksdale v. Lane, 957 F.2d 379, 385 n.12 (7th Cir. 1992); Alexander v. Dugger, 841 F.2d 371, 374 n.3 (11th Cir. 1988); Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 908 (9th Cir. 1986)
 
 
 [2]
 Because the cause and prejudice requirement is conjunctive, we need not consider the latter element where the former has not been satisfied. Puleio v. Vose, 830 F.2d 1197, 1202 (1st Cir. 1987)