2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Forrest Delayne MARTINSON, Petitioner-Appellant,
v.
Micah A. ROSS; Attorney General, State of Kansas,
Respondents-Appellees.
 No. 92-3461.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner Forrest Delayne Martinson's motion for leave to proceed on appeal without prepayment of costs or fees and grant his request for a certificate of probable cause.
 
 
 2
 Petitioner appeals from the dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. He raises three issues on appeal: (1) whether the trial court erred when it failed to give a self-defense instruction to the jury, (2) whether there was sufficient evidence of guilt, and (3) whether the trial court erred when it failed to grant a mistrial upon learning that jurors read newspaper accounts of the crime.[1]
 
 
 3
 Petitioner was convicted of one count of making a terrorist threat in violation of Kan.Stat.Ann. Sec. 21-3419. He was sentenced to not less than one or more than three years' imprisonment. The conviction arose out of a dispute with a tenant living on property belonging to petitioner's grandmother. Eviction proceedings were initiated for nonpayment of rent. According to the tenant, petitioner threatened him with a shotgun after an argument about petitioner's desire to move into the residence.
 
 
 4
 Both the Kansas Court of Appeals and the Kansas Supreme Court affirmed the conviction on appeal. Petitioner then filed for post-conviction relief pursuant to Kan.Stat.Ann. Sec. 60-1507, which was denied. On appeal, the Kansas Court of Appeals affirmed that denial. Petitioner then instituted the instant action for habeas corpus relief, which was also denied.
 
 
 5
 Petitioner first argues the trial court erred because it failed to instruct the jury on self-defense. Because he did not request this instruction, his challenge goes to the trial court's failure to issue the instruction sua sponte. Petitioner cannot prevail unless the error in the instructions rendered the trial so "fundamentally unfair" as to amount to a federal constitutional violation. Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.), cert. denied, 498 U.S. 961 (1990).
 
 
 6
 Petitioner argues the prosecution "produced no evidence refuting [the self-defense] claim." Petitioner's Opening Br. at 22. We do not agree. We find nothing in the record demonstrating a serious miscarriage of justice. Petitioner has failed to show the instructions, or lack of them, resulted in a constitutional violation or fundamental unfairness. See Frey v. Leapley, 931 F.2d 1253, 1255 (8th Cir.1991) (failure to give self-defense instruction, without more, is not a due process violation).
 
 
 7
 Petitioner's second challenge goes to the sufficiency of the evidence to convict. Our inquiry is limited to determining whether, when considering the evidence most favorably to the government, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime charged. Herrera v. Collins, 113 S.Ct. 853, 861 (1993) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). In this regard, we review only record evidence. Id. The jury's resolution of that evidence must be accepted if "it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir.1993).
 
 
 8
 We agree with the district court's analysis on this issue. The record contains sufficient evidence on all the essential elements of the crime for which petitioner was convicted. This court considers whether federal constitutional principles were violated, and does not weigh the evidence or evaluate the credibility of witnesses. Herrera, 113 S.Ct. at 860-61. We conclude, after a full review, that no constitutional violation occurred.
 
 
 9
 Petitioner's final argument concerns certain jurors' review of newspaper accounts of the crime. He maintains that the trial court should have granted a mistrial because these jurors were not impartial. The right to a jury trial implicitly guarantees to all defendants a fair trial with impartial jurors. Brinlee v. Crisp, 608 F.2d 839, 844 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). When, as here, however, the state courts make a factual finding regarding the impartiality of individual jurors, a presumption of correctness attaches to that determination and we consider only whether the trial court committed "manifest error." Patton v. Yount, 467 U.S. 1025, 1036 (1984); accord Church v. Sullivan, 942 F.2d 1501, 1518 (10th Cir.1991).
 
 
 10
 The trial court questioned each juror who had read or seen the newspaper account to determine whether it would affect their consideration of the case. All of the jurors stated it would not, and the court accepted their representations. We see nothing in the record to indicate this conclusion was incorrect. Therefore, we reject petitioner's allegation of error on this issue.
 
 
 11
 The judgment of the district court dismissing the petition for writ of habeas corpus is AFFIRMED. Plaintiff's motion for reconsideration of this court's order of January 28, 1993, regarding the production of state court records is DENIED as moot.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although petitioner brought multiple claims in his petition, only three will be considered. Petitioner chose to proceed on the three claims for which he had exhausted state remedies. Upon order of the district court, the remainder of the claims were dismissed