5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 John L. PARGO, Appellant,
v.
Crispus C. NIX, Appellee.
 No. 93-1583.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 9, 1993.
Filed: September 15, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John L. Pargo, an Iowa inmate, appeals the District Court's[1] order dismissing Pargo's petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In 1988, a jury convicted Pargo of burglary in the first degree. Pargo based his defense on the claim that he resided in the apartment he allegedly burglarized and that Anne Packer, Pargo's former roommate, permitted his entry into the apartment.
 
 
 3
 At the trial's conclusion, Pargo requested an instruction informing the jury of Iowa Code Sec. 562.4 (1992), a statute that presumptively grants tenancy-at-will status when a person possesses real estate with the owner's assent. The trial court denied the request because the proposed instruction went to the issue of Pargo's relationship with the owner of the property and not to whether Packer gave Pargo permission to enter her apartment.
 
 
 4
 Pargo appealed his conviction to the Iowa Court of Appeals, arguing that the trial court erred in not reading his theory-of-defense instruction to the jury. The Iowa court affirmed Pargo's conviction, holding that Pargo relied on the wrong law because section 562.4 does not apply to termination of month-to-month tenancy. Secondly, Pargo voluntarily relinquished the right to thirty days notice by signing a notice to vacate form. Thus, the Iowa court held that Pargo's theory-of-defense instruction incorrectly stated the law. State v. Pargo, 458 N.W.2d 875 (Iowa Ct. App. 1990) (unpublished).
 
 
 5
 Pargo then petitioned the Iowa state court for post conviction relief on the ground of ineffective assistance of counsel. Pargo argued that trial counsel failed adequately to prepare his case and did not call essential witnesses. The state court denied the petition, and the Iowa Supreme Court affirmed the denial. Pargo v. State, 485 N.W.2d 91 (Iowa 1992) (unpublished per curiam).
 
 
 6
 In 1992, Pargo petitioned the District Court for a writ of habeas corpus. Pargo claimed that the trial court erred in refusing to instruct the jury on his theory of defense. Pargo also claimed ineffective assistance of counsel because counsel did not have sufficient time to prepare and failed to call material witnesses for Pargo's case. The District Court adopted the magistrate judge's report and recommendation and dismissed Pargo's petition for a writ of habeas corpus. Pargo timely appealed.
 
 
 7
 The Iowa Court of Appeals held that the trial court properly interpreted Iowa law when it declined to submit Pargo's theory-of-defense instruction to the jury. The federal courts will not reexamine the Iowa Court of Appeals's conclusion regarding substantive Iowa law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 8
 However, even if the trial court did misconstrue Iowa law when it declined to give the requested instruction, Pargo cannot obtain habeas relief unless the error resulted in a serious miscarriage of justice, because "[f]ailure to give an appropriate theory-of-defense instruction, without more, is not a violation of the Due Process Clause." Frey v. Leapley, 931 F.2d 1253, 1255 (8th Cir. 1991). The record in this case offers no evidence that Pargo did not receive a fair trial.
 
 
 9
 We decline to address Pargo's claim that Iowa law defines a lessee, who enjoys the right to use of property, as an owner of the property because Pargo presented the argument for the first time to this court rather than to the District Court. See James v. United States Bureau of Prisons, 903 F.2d 1178, 1180-81 (8th Cir. 1990).
 
 
 10
 Ineffective assistance of counsel requires a showing that counsel performed deficiently based upon an objective standard of reasonableness and that the deficient performance prejudiced the petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice exists when the deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. The unreliability or unfairness must deprive the petitioner of a substantive or procedural right. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993); West v. United States, 994 F.2d 510, 513 (8th Cir. 1993).
 
 
 11
 Pargo's counsel performed as a reasonably competent attorney. He advised Pargo against proceeding to trial and informed Pargo of the consequences of not seeking a continuance. Pargo, as an informed client, acted against his counsel's advice. Furthermore, Pargo's uncalled witness would have provided only cumulative evidence and would have been likely to trigger a hearsay objection. Thus, Pargo's counsel did not perform deficiently and did not prejudice Pargo's defense.
 
 
 12
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa