No. 96-1321

William K. Murray,                          *
                                            *
        Appellant,                          *
                                            *   Appeal from the United States
        v.          *                       District Court for the Eastern
                                            *   District of Missouri.
Michael Groose and Jeremiah W.              *
(Jay) Nixon,                                *
                                            *
        Appellees.                          *

Submitted:  November 19, 1996

Filed:  February 5, 1997

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
        SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

        William K. Murray appeals the district court's[1] denial of his
petition for writ of habeas corpus.  We affirm.

I.

        In early 1987, a jury convicted William K. Murray on two counts of
first-degree murder and sentenced him to two consecutive life sentences
without parole.  Murray filed a post-conviction motion pursuant to Mo. R.
Crim. P. 29.15 (in which he alleged twenty grounds of trial error), a
direct appeal of his conviction

_____

        [1]The Honorable Jean C. Hamilton, Chief Judge, United States
District Court for the Eastern District of Missouri.

(in which he raised five grounds of error), and an appeal from the denial of his Mo. R. Crim. P. 29.15 motion.  In a combined proceeding, the Missouri Court of Appeals affirmed the trial court's judgments in all respects.  Murray also filed a motion to recall the mandate, in which he argued that his appellate counsel in the Missouri Court of Appeals was ineffective.  The appellate court denied the motion.

Murray then filed the instant petition for federal habeas relief pursuant to 28 U.S.C. § 2254(a), in which he alleged eight grounds for relief.  The district court, adopting the report and recommendation of a magistrate judge, denied the petition.  Murray now appeals the denial of his petition on all of the grounds that he originally asserted, among them instructional errors, Batson errors, and evidentiary errors.

## II.

Murray first contends that the district court erred in ruling that three of his claims were procedurally barred.  Murray neglected to raise his claim that the trial court failed to instruct the jury on a lesser-included offense in his Mo. R. Crim. P. 29.15 motion and his consolidated appeal, but he did raise this claim in his motion to recall the mandate. A motion to recall the mandate, however, is not the proper way to raise allegations of instructional error. Williams v. Wyrick, 763 F.2d 363, 365 (8th Cir. 1985) (per curiam); State v. Thompson, 659 S.W.2d 766, 769 (Mo. 1983) (en banc).  Although in his Mo. R. Crim. P. 29.15 motion Murray did raise both his claim that the trial court improperly instructed the jury on the reasonable doubt standard and his claim that the trial court erred in denying his motion for a directed verdict, he neglected to raise these claims in his appeal from the denial of that motion.  Because Murray has failed to preserve these allegations, he has procedurally defaulted them. See Boyd v. Groose, 4 F.3d 669, 671

(8th Cir. 1993). Murray has failed, moreover, to make anything more than conclusory allegations of cause and prejudice or actual innocence in his effort to avoid the procedural bar. Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992). The district court therefore correctly concluded that these three claims were barred.

Murray next contests, under Batson v. Kentucky, 476 U.S. 79 (1986), the district court's resolution of his challenge to the racial composition of the jury that convicted him. Murray argues that the trial court used the wrong standard of review to assess his Batson objections and that the court's finding of no discrimination was clearly erroneous. After a careful review of the transcript, we reject both contentions.

Whether the trial court used the wrong standard of review to assess Murray's Batson objections is a question of law which we review de novo. Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996). Under our Batson jurisprudence, the appropriate question is not whether race was the sole factor motivating a prosecutor's peremptory strike but, rather, whether race caused the prosecutor to make a challenged strike. United States v. Darden, 70 F.3d 1507, 1531 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449, 2567 (1996). We often frame the question as one of "but-for" causation, that is, we ask whether the prosecutor would have kept a particular juror but for his race. Id. Murray argues that the trial court's statement that the "strikes were not made on purely racial grounds only" demonstrates that it did not apply the appropriate "but-for" test. Had the trial court not clarified this statement, we might well be inclined to agree. In its ruling on Murray's Mo. R. Crim. P. 29.15 motion, however, the trial court stated that its prior statement was "in essence" a finding of "no discrimination." This can only mean that the trial court found as a fact that race did not enter into the prosecutor's decisions to strike members of the venire or, perhaps, that the prosecutor would

-3-

have made the same decisions whether or not he took prospective jurors' race into account.  Either way, the trial court committed no legal error.  We are therefore satisfied that the trial court applied the correct standard to Murray's Batson objections.

Murray also argues that the state's proffered reasons for striking African-American jurors were pretextual.  The existence of pretext is a question of fact, Purkett v. Elem, 115 S. Ct. 1769, 1771 (1995) (per curiam), and a finding with respect to it may be set aside only if it is not fairly supported by the record, id.  In the instant case, the prosecutor tendered specific, plausible, race-neutral explanations for his peremptory strikes of seven African-American members of the venire.  He stated that he struck three of them because they were "weak death-penalty jurors," two because they had relatives who had been charged with or convicted of crimes and he felt that they would be "defendant's jurors," one because he stated that he "did not like capital punishment" and had a cousin in the penitentiary, and one because she stated during voir dire that she did not like prosecutors.  Although the burden of persuasion rested with Murray at all times, id., he did not attempt to persuade the court that the state's proffered reasons were pretextual.  The voir dire transcript amply supports the prosecutor's reasoning, and under these circumstances, we cannot say that the trial court's finding of no discrimination is unsupported by the record.

Murray also asserts that he was denied the effective assistance of counsel because his trial attorney did not argue that the state's proffered reasons for its peremptory strikes were pretextual.  To prevail on this claim, Murray must show that his counsel was deficient -- that is, that her performance fell below an objective level of reasonableness -- and that her deficiencies were sufficiently severe to undermine our confidence in the outcome of the trial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

Even assuming, _arguendo_, that Murray could demonstrate that his trial counsel was deficient in failing to attempt to rebut the prosecution's race-neutral explanations for its peremptory strikes, he has not alleged that the outcome of his trial would have been different had his counsel done so. Murray's claim of ineffective assistance of counsel must therefore fail, and the district court did not err in dismissing it. _Id._; _Ruff v. Armontrout_, 77 F.3d 265, 268 (8th Cir. 1996), _cert._ _denied_, 117 S. Ct. 226 (1996). _See_ _also_ _Wright v. Nix_, 928 F.2d 270, 274 (8th Cir. 1991) (Arnold, J., concurring), _cert._ _denied_, 502 U.S. 838 (1991).

Murray next contends that he was denied due process of law when the trial court admitted two pieces of evidence, namely, a photograph and a piece of linoleum. Evidentiary questions are matters of state law that federal habeas courts may review only to determine if the alleged evidentiary error infringed a specific federal constitutional right or was so prejudicial that it fatally infected a trial's fairness. _Ford v. Armontrout_, 916 F.2d 457, 460 (8th Cir. 1990), _cert._ _denied_, 499 U.S. 964 (1991). Murray has neither alleged that the contested pieces of evidence infringed a federal constitutional right nor demonstrated that they were so grossly prejudicial that they fatally infected his trial. The photograph shows that one of the murder victims had been bound and gagged. Because evidence of gagging is relevant to premeditation, an essential element of first-degree murder, we cannot say that the photograph's unfairly prejudicial effect outweighed its probative value. The piece of linoleum taken from the floor where the victims were found, which contained knife cuts, is likewise relevant because the knife marks corroborated trial testimony. We see, moreover, no prospect whatever that the piece of linoleum was unfairly prejudicial to Murray.

Murray's final claim is that the trial court should have granted his motion for a mistrial after the prosecutor referred to

punishment during the closing argument in the guilt phase of Murray's bifurcated trial.  To resolve this claim, we must decide whether the prosecutor's statements fatally infected Murray's trial with unfairness. Phea v. Benson, 95 F.3d 660, 661 (8th Cir. 1996), cert. denied, 117 S. Ct. 411 (1996).  Ordinarily, the admission of prejudicial statements in a closing argument can be cured by striking them and instructing the jury to disregard them, and we see nothing in the record that would cause us to deviate from the general rule.  United States v. Elem, 845 F.2d 170, 172 (8th Cir. 1988).  Because the trial court sustained Murray's objection to the prosecutor's references to punishment and instructed the jury to disregard them, the trial court correctly concluded that the statements were not prejudicial enough to warrant a mistrial.

### III.

For the foregoing reasons, we affirm the judgment of the district court.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.