_____

No. 96-2813
_____

Kevin A. Crump,                    *
                                   *
     Appellant/Petitioner,         *
                                   * Appeal from the United States
          v.                       * District Court for the Western
                                   * District of Missouri.
Paul Caspari,                      *
                                   *
     Appellee/Respondent.          *


_____

Submitted:   May 19, 1997

Filed:   June 18, 1997
_____

Before MURPHY and HEANEY, Circuit Judges, and ROSENBAUM,[1]
     District Judge.
_____


MURPHY, Circuit Judge.


     Kevin  A.  Crump  was  convicted  of  the  offense  of  offering
violence to a correctional officer in violation of Mo. Rev. Stat.
§ 217.385, for fighting with a correctional officer while he was an
inmate at the Western Missouri Correctional Center.[2]  After the

_____

     [1]The Honorable James M. Rosenbaum, United States District
Judge for the District of Minnesota, sitting by designation.

     [2]At the time Crump was involved in the fight, § 217.385
stated:

          No inmate shall offer to commit violence to
          an officer or employee of a correctional
          institution or to another inmate . . .

Missouri Court of Appeals affirmed his conviction, Crump filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging several constitutional violations including a claim that the failure to give a self-defense instruction violated his constitutional right to due process.  The district court[3] denied his petition, and Crump appeals.  We affirm.

The evidence at trial showed that Sergeant Francis Wilson was the correctional officer responsible for clearing inmates from the prison yard and directing them into their housing units for the evening count.  While he was clearing prisoners, he saw Crump leave his housing unit.  He ordered Crump to return to his unit, but Crump objected and argued with Wilson, then turned around and started up the stairs toward his housing unit.  As Crump went up the stairs, he continued to argue with Wilson who was following.

A physical altercation between the two developed, and there was some conflict in the evidence as to how it started.  Wilson testified that while he was walking up the steps, Crump bumped him and caused him to fall; Crump then struck him on the side of his head.  Crump, on the other hand, testified that Wilson passed him on the stairs and stepped in front of him to signal him to stop.  When he attempted to walk past Wilson and "brushed" him, Wilson placed his hand on Crump's neck, turned him around, and swung at him without connecting.

Violation of this section shall be a class C
felony.

The statute was amended in 1995, making it fault-based and a class B felony.  The statute now prohibits an inmate from "knowingly" committing violence to a corrections employee or another inmate.

[3]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

- 2 -

Other witnesses testified as to what they saw.  Some said they saw Wilson place his hand on Crump's neck to turn him around, but did not see Wilson swing at Crump or were unsure whether Wilson's

motion was a swinging or a reaching movement. There was no testimony that Wilson struck the first blow, but witnesses reported that Crump hit Wilson after Wilson turned him around. Crump testified that during the struggle he struck Wilson several times and kicked him, even after Wilson had fallen to the floor. Other correctional officers eventually pulled Crump off of Wilson, and Wilson was taken to a hospital.

The state trial court determined that Crump had failed to produce sufficient evidence that he acted in self-defense and so declined to give a self-defense instruction to the jury. The jury returned a verdict of guilty, and Crump was sentenced as a prior offender to seven years imprisonment.[4]

On direct appeal, Crump argued that the trial court erred in failing to instruct the jury both on his claim of self-defense and on the required mental state for the offense of offering violence to a correctional officer. He also argued trial counsel was ineffective. The Missouri Court of Appeals affirmed Crump's conviction, concluding that the offense was one of strict liability, no mental state instruction was required, and self-defense was not available as a defense. It also ruled that even if self-defense could be raised, Crump had failed to produce substantial evidence to support the giving of that instruction under Missouri law.

Crump then filed this petition for a writ of habeas corpus, alleging ineffective assistance of counsel and constitutional violations stemming from the alleged errors in the jury instructions concerning intent and self-defense. The district

_____

[4]At oral argument Crump's counsel stated that the sentence was to be served concurrently with one previously imposed.

court denied Crump's petition, deferring to the determination of the Missouri Court of Appeals that self-defense was not available

as a defense, but also conducting an independent review of the record and determining that the refusal to give a self-defense instruction did not violate due process. The district court found the rest of Crump's claims to have no merit and declined to grant a certificate of appealability, but an administrative panel of this court granted a certificate of appealability on the issue of whether the refusal to instruct the jury on self-defense violated Crump's constitutional rights.

When determining whether to grant habeas relief, a federal court's review is limited to examining whether the conviction violated United States law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Determinations of state law by the Missouri Court of Appeals are binding. Frey v. Leapley, 931 F.2d 1253, 1254 (8th Cir. 1991). Thus, even if the failure to give the self-defense instruction were a violation of state law, habeas relief could only be granted if the failure to instruct the jury on self-defense amounted to "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); Frey, 931 F.2d at 1255 (examining constitutionality of refusal to give self-defense instruction in state criminal trial).

Crump argues that he presented sufficient evidence to support a self-defense instruction and that the failure of the state trial court to give it violated his due process rights. Under Missouri law, the defendant has the burden of injecting the issue of self-defense into the proceedings. Mo. Rev. Stat. § 563.031(4). In order for a self-defense instruction to be given, the defendant must show by substantial evidence that he reasonably believed force was necessary to defend himself from the use or imminent use of unlawful force by another person. § 563.031(1). A defendant who

is the initial aggressor cannot raise this defense unless he can show he withdrew from the encounter and effectively communicated

that withdrawal, but was required to use force after the other party continued the use of force. § 563.031(1)(a).

The trial court's refusal of a self-defense instruction did not violate Crump's constitutional rights because the evidence taken in the light most favorable to him shows that he did not meet his burden of production established by Missouri law. At the time in question, Wilson was acting in his official capacity as a correctional officer, clearing prisoners from the common areas and into their housing units for the evening count. When he saw Crump leave his housing unit, he ordered him to return, but Crump objected and argued with Wilson. Wilson then accompanied Crump up the steps toward the housing unit while Crump continued to argue and "brushed" Wilson after he had signaled him to stop. Even assuming that Wilson grabbed Crump from behind and turned him around, no evidence indicated that Wilson hit Crump first. Moreover, under Missouri law Wilson had the authority to use force to enforce discipline necessary to maintain control of the prison, Mo. Rev. Stat. § 217.405(3), and Wilson's act of reaching for Crump after he had resisted directions, argued about returning to his housing unit for the evening count, and bumped into Wilson could not be the basis of a reasonable belief that unlawful use of force by Wilson was imminent.

Since Crump did not show he had a reasonable belief he was in imminent danger of unlawful force, the refusal of a self-defense instruction did not result in a miscarriage of justice or omission inconsistent with the demands of fair procedure. See Frey, 931 F.2d at 1255. A self-defense instruction was not required under these facts, and the failure to give it did not violate any constitutional right. See id. It is therefore not necessary to address the other points discussed by the parties and the district court. The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.