United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3655

_____

| | |
|---|---|
| Oliver Asher Branch, III, | * |
| | * |
| Appellant, | * Appeal from the United States |
| | * District Court for the District |
| v. | * of Minnesota. |
| | * |
| State of Minnesota; Frank Wood, | * |
| Commissioner of Corrections; and | * |
| Dennis L. Benson, Warden, | * |
| | * |
| Appellees. | * |

_____

Submitted: May 21, 1997

Filed: August 14, 1997

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Oliver Asher Branch, III, who was convicted in a Minnesota state court of murder in the second degree, appeals the district court's denial of his petition for a writ of habeas corpus. We affirm the judgment of the district court.[1]

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Mr. Branch first argues that the evidence was insufficient to convict him, a proposition that, if true, would render his conviction unconstitutional as a violation of due process. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In this case, however, there was substantial evidence that Mr. Branch shot at Winfred Kluttz at least three times, that Mr. Kluttz was fleeing when some of these shots were fired, and that the bullet that killed Mr. Kluttz was not shot at close range. Such evidence, which the jury was entitled to believe, effectively undermines Mr. Branch's claim that the proof was insufficient to establish that he intended to kill Mr. Kluttz. It also runs entirely counter to Mr. Branch's theory that he shot Mr. Kluttz in self-defense.

Mr. Branch's theory of self-defense was incorporated in an appropriate jury instruction at his trial, but he claims that he was also entitled to an instruction on defense of habitation. We have repeatedly held that a failure correctly to instruct a jury does not amount to a violation of the Constitution unless it renders the defendant's trial fundamentally unfair. See, e.g., Frey v. Leapley, 931 F.2d 1253, 1255 (8th Cir. 1991). In the circumstances of this case, we see no fundamental unfairness. The close similarity between the defense-of-habitation and self-defense instructions inclines us to believe that the error, if any, was fundamentally harmless, not fundamentally unfair. There was, for instance, virtually no evidence of a felony being committed in Mr. Branch's home, a necessary predicate for the right of defense of habitation to attach under Minnesota law.

Mr. Branch's final complaint has to do with remarks that the prosecutor made during the closing argument in his trial. The prosecutor at least twice indicated his belief that certain witnesses had been untruthful, but an examination of the record reveals that in the context of the trial these remarks could hardly have "fatally infected" the trial with error, Murray v. Groose, 106 F.3d 812, 815 (8th Cir. 1997), petition for cert. filed (U.S. June 19, 1997), as the cases require before the remarks can acquire a constitutional significance. The prosecutor, however, also argued that "[t]here is no evidence in this case at all and there's the man that should know," referring, evidently,

to Mr. Branch. In his appellate brief, Mr. Branch characterizes this remark as an improper comment on Mr. Branch's exercise of his Fifth Amendment right not to testify. But Mr. Branch never raised a Fifth Amendment claim in his § 2254 petition, or, indeed, in any of his post-conviction efforts. He has therefore defaulted it. <u>See</u>, <u>e.g.</u>, <u>Buckley v. Lockhart</u>, 892 F.2d 715, 718 (8th Cir. 1989), <u>cert.</u> <u>denied</u>, 497 U.S. 1006 (1990).

For the reasons indicated, we affirm the district court's judgment denying the petition for a writ of habeas corpus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.