Ronnie **RANDOLPH**, Movant–Appellant,

v.

**STATE of Missouri,**
**Respondent–Respondent.**

No. 55504.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

Movant appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

A jury convicted movant of capital murder, § 565.001, RSMo 1978, and sentenced him to life imprisonment without possibility of probation or parole for 50 years. We affirmed on direct appeal. *State v. Randolph*, 729 S.W.2d 524 (Mo.App.1987).

Movant, a black man, filed pro se and amended motions alleging, among other things, that trial counsel was ineffective for failing to raise a *Batson* claim (*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)) when the prosecutor used her six peremptory challenges to remove black persons from the venire panel. In its findings of fact the motion court noted that "[movant's] venire panel was made up of 23 blacks, 37 whites which equates to 38% black and 62% white. After the prosecutor had exercised all [her] strikes to remove members of the black race, the jury consisted of 4 blacks and 8 whites or 33% black and 67% white, nearly the same ratio as the venire panel." The court then concluded, "Without further evidence it is the finding of this Court that [movant] would have failed to establish a prima facie case of discrimination in jury selection on the part of the prosecutor [in] exercis[ing] ... peremptory strikes."

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■ A motion court and this court may proceed directly to the issue of prejudice without first determining whether coun-

sel's conduct was deficient. *Davis v. State,* 748 S.W.2d 698, 700 (Mo.App.1988).

■ The voir dire examination in movant's case occurred on April 28, 1986, and the last day of trial was April 30, 1986, the same day *Batson* was handed down. We need not decide whether counsel's performance was deficient for failing to raise the *Batson* issue because we conclude movant has not satisfied the second prong of *Strickland.* As the trial court noted, there were four black people on movant's jury, the racial composition of which approximated that of the venire. Under these circumstances, there is no reasonable probability that a *Batson* claim would have succeeded. *See, State v. Muhammad,* 757 S.W.2d 641, 642 (Mo.App.1988); *State v. Crump,* 747 S.W.2d 193, 196 (Mo.App.1988). Movant has not demonstrated prejudice.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.