Blaine Eugene **JOHNSON**, Appellant,

v.

William **ARMONTROUT**, Appellee.

No. 90–1535.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 21, 1990.

Decided Jan. 10, 1991.

George Bartlett, Jefferson City, Mo., for appellant.

Jared R. Cone, St. Louis, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS,[1] Senior District Judge.

OREN HARRIS, Senior District Judge.

Blaine Johnson appeals the District Court's[2] denial of his petition for a writ of habeas corpus. We affirm.

On June 7, 1985, Johnson was convicted by a jury of forcible rape and stealing from a person. He was sentenced to consecutive

---

1. The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

2. The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

prison terms of thirty-six and seven years on both convictions respectively. The Missouri Court of Appeals affirmed the convictions in *State v. Johnson*, 714 S.W.2d 891 (Mo.App.1986). Johnson then filed for state post-conviction relief under Missouri Supreme Court Rule 27.26. The trial court's denial of Johnson's 27.26 motion was affirmed by the Missouri Court of Appeals. *See Johnson v. State*, 761 S.W.2d 213 (Mo.App.1988).

Johnson then filed for federal habeas corpus relief in the District Court. Without an evidentiary hearing, the District Court denied Johnson's petition for habeas corpus relief. *Johnson v. Armontrout*, No. 89–0645–CV–W–JWO (W.D.Mo., Feb. 21, 1990). This appeal followed.

## I.

■ Johnson, a black man, contends the jury did not represent a fair cross-section because the state used two of its peremptory challenges to strike the only two black persons on the panel. We agree with the District Court that this claim is procedurally barred.

Johnson argues that his petit jury was unconstitutionally selected based upon *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although Johnson's counsel did object at trial, this issue was not raised in Johnson's motion for new trial, nor in the brief on direct appeal. Johnson did raise this peremptory challenge issue in his 27.26 motion. After an evidentiary hearing, the motion court held that Johnson's failure to raise the claim on direct appeal constituted a waiver of the claim. The Missouri Court of Appeals affirmed. *Johnson v. State*, 761 S.W.2d 213 (Mo.App.1988). The District Court held that although Johnson's *Batson* claim might have merited review on direct appeal, because Johnson's convictions were final three months after *Batson* was decid-

ed, the issue was not preserved for review by the appellate court.

Under Missouri law, issues not brought forward on direct appeal are waived. *State v. Heitman*, 473 S.W.2d 722 (Mo. 1971). The state courts' resolution of the issue constitutes a procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). We find that Johnson's Equal Protection argument pursuant to *Batson* is procedurally barred from consideration.

## II.

■ Johnson alternatively argues he had ineffective assistance of counsel based upon his trial counsel's failure to preserve the *Batson* issue on the direct appeal. We also find this claim unpersuasive.

We must first determine whether counsel's conduct was deficient, and if so, whether that conduct so prejudiced Johnson as to undermine confidence in the outcome of the proceedings. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Should we conclude that counsel's conduct was reasonable under the circumstances, we need not reach the issue of prejudice.

Johnson's brief on direct appeal was submitted on March 18, 1986. *Batson* was decided on April 30, 1986. The District Court, relying upon *Brunson v. Higgins*, 708 F.2d 1353 (8th Cir.1983), correctly found that counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel.[3]

■ Also, Johnson never presented this claim in state court. Instead, he chose to present the underlying claim in his Rule 27.26 proceedings. Failure to present the same legal theory in state court constitutes a bar to federal habeas corpus review. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Martin*

**3.** Johnson's conviction was affirmed by the Missouri Court of Appeals on July 22, 1986. Arguably Johnson's attorney could have supplemented the direct appeal brief after *Batson* was decided on April 30, 1986. However, this type review conflicts with the directions of *Strick-*

*land* to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* 466 U.S. at 689, 104 S.Ct. at 2065.

*v. Solem,* 801 F.2d 324, 330 (8th Cir.1986). We hold that Johnson has failed to demonstrate that he received ineffective assistance of counsel.

The judgment of the District Court is AFFIRMED.