**Ronnie RANDOLPH, Appellant,**

**v.**

**Paul DELO, Appellee.**

**No. 90–2947.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Dec. 26, 1991.

Rehearing and Rehearing En Banc Denied Feb. 10, 1992.

Robert C. Cook, St. Louis, Mo., argued, for appellant.

William J. Bryan, Jefferson City, Mo., argued, for appellee.

Before McMILLIAN, WOLLMAN and MAGILL, Circuit Judges.

PER CURIAM.

Ronnie Randolph, a Missouri prisoner, appeals from the district court's [1] denial of his petition for a writ of habeas corpus. We affirm.

A jury convicted Randolph, a black man who is prelingually deaf, of capital murder, and he was sentenced to life imprisonment without the possibility of probation or parole for fifty years. Randolph's first conviction was reversed based on the improper admission of hearsay evidence. *State v. Randolph*, 698 S.W.2d 535 (Mo.Ct.App. 1985). He was retried, reconvicted, and his second conviction was affirmed. *State v. Randolph*, 729 S.W.2d 524 (Mo.Ct.App. 1987).

Randolph subsequently filed a pro se motion for postconviction relief in state court. The court appointed counsel for Randolph, and counsel amended the motion, alleging, inter alia, that (1) the prosecutor violated Randolph's Fifth, Sixth, and Fourteenth Amendment rights by using all of her peremptory challenges to strike blacks from the jury venire; and (2) Randolph's trial attorney was ineffective for failing to object to the prosecutor's use of her peremptory strikes or to raise the issue in a motion for new trial, and Randolph's appellate counsel was ineffective for not raising the issue on appeal. The state court held an

---

1. The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

evidentiary hearing at which Randolph and his trial attorney testified.

 Jury selection for Randolph's second trial occurred on April 28, 1986, two days before the Supreme Court decided *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722, 90 L.Ed.2d 69 (1986),[2] which held that a defendant may establish a prima facie case of discriminatory jury selection based solely on evidence of the prosecutor's exercise of peremptory challenges at the defendant's trial. The racial composition of Randolph's venire panel was twenty-three blacks and thirty-seven whites. The prosecutor exercised all six of her peremptories to strike black jurors from the venire. The petit jury that convicted Randolph consisted of four blacks and eight whites. Randolph's trial counsel testified that he did not object to the prosecutor's use of peremptories during the selection process because *Batson* had not yet been decided, though he had objected to such tactics in prior cases. He did not explain why he did not object in this case. He further testified that he did not raise the *Batson* claim in his motion for a new trial, nor did appellate counsel raise it on appeal. Randolph's appellate counsel did not testify.

The state postconviction court rejected Randolph's ineffective-assistance claim, finding that trial counsel did not perform deficiently by failing to object to the prosecutor's strikes. The court also determined Randolph would have been unable to establish a prima facie case under *Batson* because the racial composition of the petit jury (33% black, 67% white) was almost the same as the venire (38% black, 62% white).[3] On appeal, Randolph argued the postconviction court erred by denying his ineffec-

tive-assistance claim. The Missouri Court of Appeals affirmed the denial of postconviction relief, holding that Randolph could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Randolph v. State*, 778 S.W.2d 692, 694 (Mo.Ct.App.1989) (per curiam). The court concluded that because the racial composition of Randolph's jury roughly approximated the composition of the venire "there is no reasonable probability that a *Batson* claim would have succeeded." *Id.* at 694.

Randolph then commenced this action pro se raising a number of issues, including ineffective assistance. Randolph moved for appointed counsel, and requested an evidentiary hearing on his ineffective-assistance claim. The state argued that the Missouri Court of Appeals correctly rejected Randolph's claim and no evidentiary hearing was necessary. The magistrate judge[4] denied the motion for appointed counsel, and subsequently recommended denying the petition without holding a hearing, rejecting Randolph's ineffective-assistance claim for the same reason as the Missouri Court of Appeals. After moving for and receiving an extension of time in which to file written objections to the magistrate judge's review and recommendation, Randolph moved to dismiss his petition without prejudice. The district court denied this motion, and denied the petition based on the magistrate judge's review. Randolph moved for reconsideration of this order, claiming he still had time to object. The district court denied the motion, and this appeal followed.

On appeal, Randolph maintains that the district court erred by (1) concluding he could not establish a prima facie case under

---

2. The jury returned its verdict on April 30, 1986, the same day *Batson* was decided. *Batson* applies to all cases not yet final when it was decided. *Griffith v. Kentucky*, 479 U.S. 314, 316, 107 S.Ct. 708, 709, 93 L.Ed.2d 649 (1987). A case is final when the judgment of conviction has been rendered, the availability of appeal exhausted, and the time for filing a petition for certiorari expired. *Allen v. Hardy*, 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 2880 n. 1, 92 L.Ed.2d 199 (1986) (per curiam). Thus, *Batson* applies here.

3. We rejected this type of argument in *United States v. Johnson*, 873 F.2d 1137, 1139 n. 1 (8th Cir.1989), reasoning that "a *Batson* inquiry focuses on whether or not racial discrimination exists in the striking of a black person from the jury, not on the fact that other blacks may remain on the jury panel."

4. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

*Batson;* (2) rejecting his ineffective-assistance claim; (3) refusing to hold an evidentiary hearing on the motion or to appoint counsel; and (4) failing to follow its own scheduling order regarding the time for filing objections. In response, the state argues that (1) the underlying *Batson* claim is procedurally barred; (2) *Batson* issues are not cognizable on collateral review; and (3) the district court correctly denied Randolph's petition without holding an evidentiary hearing or appointing counsel.

■ We agree with the state that Randolph is procedurally barred from asserting a *Batson* claim as an independent ground for relief. Although Randolph raised *Batson* independently in his state postconviction motion, he abandoned it on appeal, arguing *Batson* only in connection with his ineffective-assistance allegation. This bars federal habeas review of the *Batson* claim absent a showing of cause and prejudice. *Stokes v. Armontrout,* 851 F.2d 1085, 1092 (8th Cir.1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). Randolph does not assert any cause for his default, and ineffective assistance of postconviction counsel is no longer a valid excuse. *See Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991). The state's argument regarding the cognizability of *Batson* issues in habeas cases has recently been rejected by this court. *See Jones v. Jones,* 938 F.2d 838, 842 (8th Cir.1991).

There is no procedural obstacle to consideration of Randolph's ineffective-assistance claim based on his attorneys' failure to raise the *Batson* issue. To prevail on this claim, Randolph must demonstrate that the failure to argue the *Batson* claim amounted to deficient performance, which resulted in prejudice to his defense. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The standard for attorney performance is that of "reasonably effective assistance," and "scrutiny of counsel's performance must be highly deferential." *Id.* at 687, 689, 104 S.Ct. at 2064, 2065. Thus, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. at 2066.

■ Under this standard, Randolph's trial counsel did not perform deficiently by failing to object to the prosecutor's use of her peremptory challenges during the voir dire because jury selection occurred two days before the Court decided *Batson. See Johnson v. Armontrout,* 923 F.2d 107, 108 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 106, 116 L.Ed.2d 75 (1991) ("counsel's failure to anticipate a change in existing law is not ineffective assistance of counsel"). Additionally, counsel was not ineffective for failing to object when the jury returned its verdict, the same day *Batson* was decided. Likewise, trial counsel's failure to raise the *Batson* issue in the new trial motion does not constitute deficient performance. Counsel filed the motion on May 22, 1986, three weeks after the *Batson* decision was released. Although three weeks may now seem like a sufficient period for counsel to have realized the significance of *Batson* and its applicability to this case, we hold that the failure to raise the issue did not fall below the deferential standard of reasonableness established in *Strickland. Cf. Johnson,* 923 F.2d at 108 n. 3 (though defendant's direct appeal was pending when *Batson* decision released, counsel not deficient for failing to supplement brief with *Batson* argument).

Additionally, the record supports the state's contention that counsel simply chose not to include the *Batson* claim in the motion as a strategic matter. *See Strickland,* 466 U.S. at 690–91, 104 S.Ct. at 2065–66 (counsel's strategic choices virtually unchallengeable). Counsel had included discriminatory jury selection claims in new trial motions in prior cases, but did not include such a claim among the thirteen alleged errors set out in the motion in this case. Rather, he concentrated on evidentiary rulings and allegedly improper comments made by the prosecution in closing argument. Furthermore, trial counsel may have been satisfied with the ultimate racial composition of the jury, and decided not to raise the *Batson* issue on that basis.

■ We also conclude that appellate counsel did not render deficient perform-

ance by failing to raise the *Batson* issue. The jury selection claim was not included in the new trial motion; thus, appellate counsel may not have been aware of the manner in which the prosecutor exercised her peremptory strikes. In any event, appellate counsel is not required to raise every possible issue to provide effective assistance. *See, e.g., Horne v. Trickey*, 895 F.2d 497, 499–500 (8th Cir.1990). In view of our conclusion on the performance portion of the *Strickland* test, we do not address the issue of prejudice.

██ Because Randolph's claims can be resolved on the basis of the state court record, the district court did not abuse its discretion by denying the petition without holding an evidentiary hearing or appointing counsel. *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir.1986) (per curiam). Finally, any error the district court may have committed by adopting the magistrate's review and recommendation before the time for filing objections had expired was harmless because we have resolved the substance of Randolph's claims in this appeal. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir.1986).

Accordingly, we affirm.