46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Guy Joseph DUCHI, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2850.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 3, 1995.
Filed: February 13, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Guy Joseph Duchi appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Duchi was convicted of narcotics and weapons offenses following the controlled delivery of a package containing cocaine to the residence he shared with his girlfriend, Constance Conrad, and the subsequent search of that residence by law enforcement officials. After Duchi's conviction, but before his appeal, Duchi testified at Conrad's trial, without being subpoenaed, in a manner incriminating to himself. Before he testified, his counsel advised him that he had no Fifth Amendment right not to testify, and that if he were retried any testimony he gave would not be used against him.
 
 
 3
 We reversed Duchi's convictions because the officers' warrantless entry of his residence violated the Fourth Amendment, and we ordered the physical evidence seized during that search suppressed in the event of a retrial. United States v. Duchi, 906 F.2d 1278, 1282-85 (8th Cir. 1990). At Duchi's retrial, the government sought to have his testimony from Conrad's trial admitted. The district court denied the government's motion. On interlocutory appeal, we held that Duchi retained his right against self-incrimination until his conviction was affirmed on appeal, but further held that Duchi's Conrad trial testimony was admissible because it was voluntarily given. United States v. Duchi, 944 F.2d 391, 394-95 (8th Cir. 1991) (Duchi II ). Duchi was convicted of narcotics offenses by a jury, and we affirmed on direct appeal. United States v. Duchi, No. 92-1302, 1992 WL 204358 (8th Cir. Aug. 21, 1992) (unpublished per curiam).
 
 
 4
 In this section 2255 motion, Duchi argued he would not have testified in an incriminating manner at Conrad's trial but for his counsel's erroneous advice. The district court denied Duchi's motion without an evidentiary hearing.
 
 
 5
 In reviewing the denial of a section 2255 motion, we review de novo the district court's conclusions regarding issues of law and mixed questions of law and fact; when there has been no evidentiary hearing, we may affirm only if it we are persuaded that "the motion and the files and records of the case conclusively show that [the prisoner] is entitled to no relief." 28 U.S.C. Sec. 2255; see Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).
 
 
 6
 To the extent Duchi attempts to relitigate issues relating to the voluntariness of his Conrad trial testimony and its admissibility at his retrial, the district court correctly decided that the issue could not be relitigated because our decision in Duchi II is the law of the case. See Bethea v. Levi Strauss & Co., 916 F.2d 453, 456-57 (8th Cir. 1990). The district court also correctly decided that Duchi's counsel was not ineffective. Given the unsettled state of the law regarding the extent of Duchi's Fifth Amendment right, Duchi's counsel gave advice based on a reasonable professional judgment of what he thought the law was at the time, and thus did not perform deficiently. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984); cf. Randolph v. Delo, 952 F.2d 243, 246 (8th Cir. 1991) (per curiam) (counsel not ineffective for failing to challenge prosecutor's peremptory strikes when made before Batson v. Kentucky, 476 U.S. 79 (1986) decided), cert. denied, 112 S. Ct. 1967 (1992); Johnson v. Armontrout, 923 F.2d 107, 108 (8th Cir.) (counsel not ineffective for failing to make Batson claim on appeal when brief filed before Batson decided; counsel not expected to anticipate changes in the law), cert. denied, 112 S. Ct. 106 (1991); Brunson v. Higgins, 708 F.2d 1353, 1356-59 (8th Cir. 1983) (counsel not ineffective for failing to object to jury system believed constitutional).
 
 
 7
 The order denying Duchi's motion is affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota