**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                 No. 95-6126

WARREN HARDING MCNAMARA, JR.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert E. Payne, District Judge.
(CR-93-50, CA-94-58-4)

Argued: September 27, 1995

Decided: February 2, 1996

Before ERVIN, Chief Judge, and RUSSELL and HAMILTON,
Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Russell wrote
the opinion, in which Chief Judge Ervin and Judge Hamilton joined.

_____

**COUNSEL**

**ARGUED:** William Graham Otis, Senior Litigation Counsel,
UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia,
for Appellant. Kevin Paul O'Connell, KEVIN O'CONNELL, P.C.,
Portland, Oregon, for Appellee. **ON BRIEF:** Helen F. Fahey, United
States Attorney, Vincent L. Gambale, Assistant United States Attor-
ney, Alexandria, Virginia, for Appellant. Ronald L. Smith, Hampton,
Virginia, for Appellee.

**OPINION**

RUSSELL, Circuit Judge:

On July 19, 1993, a federal jury convicted Warren Harding McNamara, Jr. ("McNamara") of illegally structuring financial transactions to avoid currency reporting requirements in violation of 31 U.S.C. § 5324(a)(3) ("antistructuring law") and§ 5322(a). He received twenty-one months imprisonment, three years supervised release, and a $4,000 fine. One year later after forgoing direct appeal of either his conviction or sentence, McNamara filed a motion under 28 U.S.C. § 2255 asking the district court to vacate his sentence. He advanced two grounds for his motion: (1) that he was denied effective assistance of counsel because his trial counsel had failed to object to the jury instruction on the "willfulness" element of unlawful structuring; and (2) that there had been an intervening substantive change in the antistructuring law which required a reversal of his conviction.

The district court found ineffective assistance of counsel and granted McNamara's motion, vacating his sentence and ordered a new trial. McNamara v. United States, 867 F. Supp. 369 (E.D. Va. 1994). The district court reasoned that McNamara's trial counsel should have objected to the jury instruction because at the time of trial, the Supreme Court had granted certiorari in Ratzlaf v. United States, 976 F.2d 1280 (9th Cir. 1992), a case addressing the willfulness element of the antistructuring statutes. In accordance with our recent decision in Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), we reject the district court's holding and conclude that McNamara's counsel was neither ineffective for following the controlling circuit law at the time, nor for being unaware that the Supreme Court had granted certiorari in Ratzlaf.

I.

The antistructuring law under which McNamara was convicted makes it a crime for an individual to "structure or assist in structuring or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions." 31 U.S.C. § 5324(a)(3). And section 5322(a) provides the punishment for a person "willfully violating this subchapter or a regulation prescribed under this sub-

2

chapter . . . ." 31 U.S.C. § 5322(a) (1988), amended by 31 U.S.C.A. § 5322(a) (Supp. 1994) (emphasis added). This Circuit's controlling authority, in 1993, did not require the defendant to have specific knowledge of the illegality of his conduct. See United States v. Rogers, 962 F.2d 342, 345 (4th Cir. 1992). The district court was not required, therefore, to instruct juries that the government must prove that the defendant knew his conduct was illegal. [1] In April of 1993, 90 days prior to McNamara's trial, the Supreme Court granted certiorari in a Ninth Circuit case to resolve a conflict in the circuits on "[whether] a defendant's purpose to circumvent a bank's reporting obligation suffice[s] to sustain a conviction for `willfully violating' the antistructuring provision." Ratzlaf v. United States, 114 S. Ct. 655, 657 (1994). Six months after McNamara's sentence, the Supreme Court overruled Rogers (and the decisions of nine other courts of appeal),[2] holding that the structuring statute did, in fact, require the Government to prove that the defendant acted with specific knowledge that his conduct was illegal. Id. Because of Ratzlaf, juries must be instructed that in order to convict the defendant of structuring, they find that he knew he was engaged in unlawful conduct.

Following the Supreme Court's Ratzlaf decision, the district court found that if McNamara's trial counsel had more thoroughly prepared for trial, his research would have discovered the certiorari grant in Ratzlaf and he would have preserved the issue for appeal. Specifically, the district court concluded that:

_____

[1] Bound by Rogers, the district court submitted an instruction on willfulness to the jury. Neither the Government nor McNamara's trial counsel objected to the instruction or brought Ratzlaf to the court's attention.
[2] Prior to McNamara's trial, nine other circuits had issued opinions in accord with our holding in Rogers. See United States v. Scanio, 900 F.2d 485 (2d Cir. 1990); United States v. Shirk, 981 F.2d 1382 (3d Cir. 1992); United States v. Beaumont, 972 F.2d 91 (5th Cir. 1992); United States v. Baydoun, 984 F.2d 175 (6th Cir. 1993); United States v. Jackson, 983 F.2d 757 (7th Cir. 1993); United States v. Gibbons, 968 F.2d 639 (8th Cir. 1992); United States v. Hoyland, 914 F.2d 1125 (9th Cir. 1990); United States v. Dashney, 937 F.2d 532 (10th Cir. 1991), cert. denied, 112 S. Ct. 402 (1991); United States v. Brown , 954 F.2d 1563 (11th Cir. 1992).

> [A] lawyer must be aware of the fact that an element of an offense he must defend at trial is under examination by the Supreme Court, particularly where the decision on that issue has the potential to alter the controlling rule in the circuit and likely will be issued while his client's case is on direct appeal if an appeal is taken. At least at the confluence of these factors, it is beyond the wide range of acceptable professional conduct to be unaware of developments in the law.

McNamara, 867 F. Supp. at 376. Accordingly, the district court held McNamara's trial counsel to be constitutionally deficient for failing to object to the willfulness element of the instruction.**3**

In accordance with our recent opinion in Kornahrens, we find the district court's reasoning unpersuasive. In Kornahrens, we examined whether Kornahrens' trial counsel was constitutionally ineffective for failing to preserve an issue at trial based merely on the Supreme Court's grant of certiorari in a case which raised the issue. Specifically, at the time of Kornahrens' trial, South Carolina law prohibited the proffering of expert evidence of future adaptability. The Supreme Court had granted certiorari in State v. Skipper, 328 S.E.2d 58 (S.C.), cert. granted, 474 U.S. 900 (1985), to review the constitutionality of this practice. The Supreme Court eventually overturned the South Carolina law prohibiting admission of this evidence. Skipper v. South Carolina, 476 U.S. 1 (1986). Kornahrens asserted his trial counsel was ineffective for failing to preserve the admissibility issue in light of the grant of certiorari in Skipper . We rejected Kornahrens' arguments and held that an attorney's failure to anticipate a new rule of law was not constitutionally deficient. Kornahrens, 66 F.3d at 1360. Our decision in Kornahrens is consistent with our prior decisions in this area. We concluded that Kornahrens' trial counsel was not constitutionally deficient "because he followed a long-standing and well-settled rule of South Carolina criminal law--even when that rule was

_____

**3** Applying the Strickland v. Washington, 466 U.S. 668 (1984), analysis for determining ineffective assistance of counsel, the district court found that McNamara was prejudiced by his trial counsel's constitutionally deficient performance. Because we hold that the district court erred in finding counsel's performance deficient, we need not reach the prejudice issue.

under attack in the United States Supreme Court at the time of trial." Id. See also Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (holding that defendant's trial counsel was not ineffective for failing to object to instruction regarding presumptions of malice and unlawfulness, where Supreme Court decisions supporting challenges to such presumptions had not yet been rendered at time of trial); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 113 S. Ct. 1289 (1993) (holding that Nickerson's trial counsel could not have been expected to object to the State's peremptory challenges, despite that certiorari in Batson had been granted six months before trial, since Nickerson's trial predated the Batson decision by several months); Randolph v. Delo, 950 F.2d 243 (8th Cir. 1991), cert. denied, 504 U.S. 920 (1992) (ruling that trial counsel was not ineffective by failing to raise Batson challenge two days before Batson was decided).

We find Kornahrens directs this case's disposition. Like Kornahrens, McNamara's trial counsel, mindful of the controlling circuit law at the time, had no basis for objecting to the willfulness element of the given jury instruction. Furthermore, post-trial testimony reveals that McNamara's trial counsel made adequate efforts to prepare himself for trial. In light of these facts and our previous decisions, we conclude that the district court erred in finding McNamara's trial counsel to be constitutionally deficient.

II.

Although McNamara's § 2255 motion requested that his sentence be vacated pursuant to Ratzlaf, the district court did not address whether McNamara could retroactively take advantage of the substantive rule announced in Ratzlaf. Because we believe that a more thorough discussion of Ratzlaf's retroactive application to McNamara's appeal would be dispositive, we remand this issue to the district court for further proceedings.

III.

For the foregoing reasons, we reverse the district court's order, reinstate McNamara's sentence, and remand the case to the district

5

court for further consideration of the retroactive application of the substantive rule in <u>Ratzlaf</u>.

<u>REVERSED AND REMANDED</u>