_____

No. 95-1884
_____

Huntley Ruff,                       *
                                    *
         Appellant,                 *   Appeal from the United States
                                    *   District Court for the Western
     v.                             *   District of Missouri.
                                    *
Bill Armontrout,                    *
                                    *
         Appellee.                  *

_____

Submitted:  January 11, 1996

Filed:  February 27, 1996
_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

BEAM, Circuit Judge.


    Appellant Huntley Ruff brought a petition for habeas corpus
following convictions for forcible rape, sodomy, robbery, and armed
criminal action.  The district court[1] denied relief.  Because all
of Ruff's claims are either procedurally barred or lack merit, we
affirm.


I.   BACKGROUND


    This habeas petition has been before us once before.  In that
instance, the state appealed the district court's grant of habeas
relief based upon the prosecution's withholding of exculpatory
evidence in violation of Brady v. Maryland.  373 U.S. 83 (1963).
We reversed, Ruff v. Armontrout, 993 F.2d 639 (8th Cir. 1993) (Ruff
I), and remanded for consideration of the remainder of Ruff's

_____

    [1]The Honorable Elmo B. Hunter, Senior United States District
Judge for the Western District of Missouri.

habeas petition.   On remand, the district court denied habeas corpus relief.   Ruff appeals.

The relevant facts are largely set out in our prior opinion in this matter and will be repeated here only to the extent necessary. In 1985, Ruff was convicted of forcible rape, sodomy, robbery, and armed criminal action.   Ruff directly appealed his conviction to the Missouri Court of Appeals, which affirmed.[2]   However, before the Missouri court rendered its decision, the United States Supreme Court decided Batson v. Kentucky, 476 U.S. 79 (1986), which held that the race-based exclusion of potential jurors through the use of peremptory challenges violates the Equal Protection Clause of the United States Constitution.   Id. at 86.   Less than one year later, the Supreme Court decided Griffith v. Kentucky, 479 U.S. 314 (1987), which held that Batson applies "retroactively to all cases, state or federal, pending on direct review or not yet final" at the time of the Batson decision.   Griffith, 479 U.S. at 328.   Because Ruff's direct appeal was still pending when Batson was decided, Batson applies to this case.

## II.  DISCUSSION

Ruff claims, *inter alia*, that his convictions were returned by an unconstitutionally empaneled jury in violation of Batson v. Kentucky.   In support of this claim, Ruff, who is African-American, argues that the prosecution used its peremptory challenges in a racially discriminatory manner against the African-American members of the jury venire.   Ruff did not raise this constitutional claim at trial or on direct appeal.   Thus, the claim has been waived. Wright v. Nix, 928 F.2d 270, 272 (8th Cir.), cert. denied, 502 U.S.

---

[2]Ruff also twice filed for state postconviction relief pursuant to Missouri Supreme Court Rule 27.26 (repealed, effective January 1, 1988).   Ruff was denied postconviction relief by the state trial court and the appellate court.   Ruff then filed this action for federal habeas corpus relief.

838 (1991).  Ruff is, therefore, procedurally barred from raising the jury composition claim on federal habeas absent a showing of cause and prejudice or a showing of actual innocence.  See McCleskey v. Zant, 499 U.S. 467, 493 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).  Because Ruff adduced no evidence of actual innocence, we need only discuss the cause and prejudice standard. Ruff I, 993 F.2d at 642; Appellant's Addendum at 25.

In considering whether Ruff has shown cause for his procedural default, we must determine whether some objective factor external to the defense prevented him from presenting or developing the factual or legal basis of his claim.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  A novel legal theory can constitute cause to excuse a procedural default.  Id. at 489-90.  However, "the standard is a strict one--the constitutional claim must be `so novel that its legal basis is not reasonably available to counsel.'"  Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  Ruff argues that the jury composition claim was novel at the time of trial because Batson had not yet been decided, and that this novelty is cause for his failure to object to the jury composition at trial and on direct appeal.  We disagree.

Clearly, the legal theory on which Batson was based was not novel within the meaning of Reed.  "Far from being novel, the legal framework for a discrimination claim under Swain had been in place for over twenty years" at the time Ruff was selecting his jury panel.  Byrd v. Armontrout, 880 F.2d 1, 7 n.6 (8th Cir. 1989), cert. denied, 494 U.S. 1019 (1990). Admittedly, the Swain standard required proof of systematic exclusion of racial minorities from jury panels over a period of time, and therefore imposed a more difficult burden on a defendant than does the Batson standard.  See Swain v. Alabama, 380 U.S. 202 (1965).  However, the underlying theory that the exclusion of minorities from juries could violate the Fourteenth Amendment's Equal Protection Clause was common to

-3-

both Swain and Batson.[3]  The jury composition theory was available;
counsel chose not to use it.  Consequently, Ruff has not shown a
novel legal theory as cause to excuse his procedural default.

Ineffective assistance of counsel can also constitute cause to
excuse a procedural default.  Carrier, 477 U.S. at 488; Randolph v.
Delo, 952 F.2d 243, 246 (8th Cir. 1991), cert. denied, 504 U.S. 920
(1992).  Ruff claims his counsel rendered ineffective assistance in
failing to object to the prosecution's use of peremptory challenges
at trial.  Ruff claims this ineffective assistance is cause for his
omission of the Batson argument at trial.  To prevail on this
claim, Ruff must show that his counsel's failure to raise the
Batson claim was deficient performance and resulted in prejudice so
as to undermine our confidence in the outcome of his trial.
Strickland v. Washington, 466 U.S. 668, 687 (1984).  In determining
whether counsel's performance was deficient, we must "judge the
reasonableness of counsel's challenged conduct on the facts of the
particular case, viewed as of the time of counsel's conduct."  Id.
at 690.  The standard is highly deferential.

Under this standard, Ruff's counsel was not ineffective.
Although the theory on which Batson was based was certainly
available at the time of jury selection here, Batson itself had not
yet been decided.  Failure to anticipate a change in existing law
does not amount to ineffective assistance of counsel.  Johnson v.
Armontrout, 923 F.2d 107, 108 (8th Cir.), cert. denied, 502 U.S.
831 (1991).  Counsel need not raise every single conceivable

_____

[3]The United States Supreme Court's discussion in Batson v.
Kentucky includes an extensive survey of the case law which
provided the foundation for the Court's decision.  See, e.g.,
Batson, 476 U.S. at 85-88.  The Court stated that "[m]ore than a
century ago, the Court decided that the State denies a black
defendant equal protection of the laws when it puts him on trial
before a jury from which members of his race have been purposefully
excluded."  Id. at 85 (citing Strauder v. West Virginia, 100 U.S.
303 (1880)).  A legal theory in existence for over one hundred
years is clearly not "novel."

argument to defeat a claim of ineffective assistance of counsel. In light of the circumstances at the time of trial, we cannot say that counsel's failure to raise the <u>Batson</u> issue fell below "the deferential standard of reasonableness established in <u>Strickland</u>." <u>Randolph</u>, 952 F.2d at 246; <u>see</u> <u>also</u> <u>Johnson</u>, 923 F.2d at 108 n.3. Consequently, Ruff has not shown ineffective assistance of counsel as cause to excuse his procedural default.

Because Ruff has not shown cause for his procedural default on the jury composition claim, we need not reach the issue of prejudice.[4] We have considered the remainder of Ruff's arguments and find them to be without merit.

## III. CONCLUSION

Because Ruff failed to satisfy the cause and prejudice standard to overcome the procedural default on his jury composition claim, we affirm the district court's denial of habeas corpus relief.

---

[4]Even if we found that Ruff did not procedurally default on the jury composition claim at trial, we would still find that he is barred from raising the claim now, on federal habeas. Ruff had the chance to build a record on the jury composition claim in his state postconviction proceedings and failed to do so. <u>See</u> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 5-6 (1992) (cause and prejudice rule applies to failure to develop claim factually because such failure is equivalent to failing to assert claim procedurally); <u>Bolder v. Armontrout</u>, 921 F.2d 1359, 1364 (8th Cir. 1990), <u>cert. denied</u>, 502 U.S. 850 (1991).

A true copy.

   Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.