**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

No. 01-7947

ANTHONY HAYNESWORTH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-286-1, CA-01-436)

Submitted: April 25, 2002

Decided: May 14, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony Haynesworth, Appellant Pro Se. Jane Barrett Taylor,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In 1999, Anthony Haynesworth was convicted for conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001). He was sentenced to 375 months imprisonment, to be followed by five years of supervised release. We affirmed his conviction. *United States v. Haynesworth*, No. 99-4606 (4th Cir. July 21, 2000) (unpublished). Haynesworth has now filed a motion for relief under 28 U.S.C.A. § 2255 (West Supp. 2001). The district court granted the Government's motion for summary judgment. Haynesworth seeks to appeal the district court order. Having considered his allegations, we affirm.

Haynesworth asserts that trial counsel rendered constitutionally ineffective assistance in several instances. Having reviewed the claims, we conclude they were properly dismissed as plainly without merit, vague and lacking in specifics, or because Haynesworth made no showing of prejudice as required to establish a claim of ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 692 (1984).

We decided Haynesworth's appeal less than a month after the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Counsel for Haynesworth did not attempt to amend the appellate brief to assert an *Apprendi* claim. After our decision was issued, when Haynesworth pointed out to counsel the possible relevance of *Apprendi*, counsel advised that he did not believe that *Apprendi* would affect Haynesworth's case, but that the latter could file a pro se petition for rehearing. No such petition was filed.

Haynesworth asserts that he is entitled to relief under *Apprendi* and that appellate counsel was ineffective for failing to raise the issue on appeal. We conclude that Haynesworth may not successfully assert claims based directly on *Apprendi* in his § 2255 motion. As he did not preserve the claims at trial or on appeal, they are procedurally defaulted. *United States v. Sanders*, 247 F.3d 139, 144-46 (4th Cir.), *cert. denied*, ___ U.S. ___, 70 U.S.L.W. 3339 (U.S. Nov. 13, 2001) (No. 01-6715). Ineffective assistance of counsel can constitute cause which, along with prejudice, can excuse such a default. *Burket v.*

*Angelone*, 208 F.3d 172, 189 (4th Cir.), *cert. denied*, 530 U.S. 1283 (2000). However, we conclude that in the time-frame at issue here, counsel was not ineffective in failing to raise an *Apprendi* claim in the context of a federal drug offense. Counsel could not have known whether the claim would entitle Haynesworth to relief. *See United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996) ("[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient."). Therefore, counsel's conduct was not ineffective assistance of counsel that would, along with prejudice, excuse the procedural default, nor does it entitle him to relief as a Sixth Amendment claim.

As Haynesworth is entitled to no relief on his claims, the district court did not err in denying his § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*