**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-4296**

─────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

SCOTT ANTHONY MARTIN, a/k/a Patsy Martin,

                                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Jerome B. Friedman, District Judge.  (CR-00-82)

─────────

Submitted:  October 26, 2005        Decided:  November 15, 2005

─────────

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

─────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────

Robert A. Ratliff, Mobile, Alabama, for Appellant.   Paul J. McNulty, United States Attorney, Michael J. Elston, Laura M. Everhart, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Scott Anthony Martin pled guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a 292-month term of imprisonment. Martin appeals his conviction and sentence, asserting that his guilty plea is involuntary because counsel provided ineffective assistance and that, in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), his sentence violates the Sixth Amendment. The Government asserts that Martin validly waived the right to appeal his sentence in the plea agreement. We agree with the Government and dismiss that portion of the appeal. We affirm Martin's conviction.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). A waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or

proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of the guilty plea. <u>United States v. Attar</u>, 38 F.3d 727, 732-33 (4th Cir. 1994).

Our review of the record leads us to conclude that Martin knowingly and voluntarily waived the right to appeal his sentence. <u>See</u> <u>Blick</u>, 408 F.3d at 169-73 (holding that plea agreement waiver of right to appeal that district court accepted prior to <u>Booker</u> was not invalidated by change in law effected by that decision). Moreover, the sentencing issue raised on appeal falls within the scope of the waiver. <u>See</u> <u>id.</u> at 169-70. We therefore dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of Martin's sentence, the waiver does not bar review of the challenge to Martin's conviction. Martin contends that his guilty plea is invalid because counsel provided ineffective assistance by failing to inform him that drug amounts had to be proved beyond a reasonable doubt. However, "[i]neffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1134 (2004). We find that counsel's ineffectiveness does not conclusively appear on the face of this record. <u>See</u> <u>United States v. McNamara</u>, 74 F.3d 514, 515-17 (4th Cir. 1996) (holding that counsel cannot be considered ineffective

- 3 -

for failing to anticipate changes in law).  We therefore decline to address this issue in this appeal.

Accordingly, we affirm Martin's conviction and dismiss the appeal of his sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART