**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7350**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL BUSH WRIGHT,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:03-cr-00146-AW-2; 8:07-cv-01790-AW)

Submitted: June 15, 2010         Decided: July 2, 2010

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant. Robert K. Hur, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Bush Wright appeals the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. We granted a certificate of appealability on Wright's claim that counsel was ineffective in failing to object to the use of a conviction for second-degree burglary in the District of Columbia as a predicate conviction for sentencing Wright under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2006). After further consideration, we affirm.

In order to succeed on a claim of ineffective assistance of counsel, a movant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In evaluating counsel's performance, the court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, the reviewing court must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors, rather than with the benefit of hindsight. Id. at 690. To satisfy the second prong of Strickland, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

2

Wright was sentenced in 2004, and his conviction became final in 2006. At that time, the use of a prior burglary conviction as a predicate for sentencing under the ACCA was governed by the Supreme Court's decision in Taylor v. United States, 495 U.S. 575 (1990). Taylor held that burglary as used in § 924(e) must include "an unlawful or unprivileged entry." 495 U.S. at 598. The district court correctly recognized that neither the Washington, D.C. second-degree burglary statute nor Wright's underlying indictment includes this element. Importantly, however, Taylor reserved the interpretation of § 924(e)'s residual clause, which states that the ACCA can still apply if a felon-in-possession's prior felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Taylor Court noted that "[t]he Government remains free to argue that any offense -- including offenses similar to generic burglary -- should count towards enhancement [under § 924(e)(2)(B)(ii)]." 495 U.S. at 600 n.9.

Wright correctly notes that the Supreme Court, in Begay v. United States, 553 U.S. 137, 144-47 (2008), narrowed the definition of a violent felony under the residual clause of the ACCA to include only crimes that involve "purposeful, violent, and aggressive conduct" similar to burglary, arson, extortion, or use of explosives. However, Wright's counsel at

3

sentencing in 2004 cannot be held responsible for forecasting future interpretations of the statute. Thus, counsel's performance was not deficient when he did not assert an argument based on the principles announced in Begay. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (an attorney's failure to anticipate a new rule of law is not constitutionally deficient).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED