**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4160**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

STEVE GIBSON, JR., a/k/a Gib,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:10-cr-00596-TLW-1)

—————————

Submitted:  September 22, 2011    Decided:  September 30, 2011

—————————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

—————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

—————————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Steve Gibson, Jr., pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006). The parties stipulated in the plea agreement to an advisory Sentencing Guidelines range of 188 to 235 months' imprisonment if Gibson was designated an armed career criminal. See Fed. R. Crim. P. 11(c)(1)(C). The district court sentenced Gibson as an armed career criminal to 228 months' imprisonment. Gibson appealed.

Gibson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal but questioning the validity of Gibson's guilty plea and his armed career criminal sentence. Gibson filed a pro se supplemental brief asserting ineffective assistance of counsel at sentencing. For the reasons that follow, we affirm in part, vacate in part, and remand.

Turning first to the validity of Gibson's guilty plea, where, as here, the defendant did not move to withdraw his guilty plea in the district court, we review the adequacy of the plea for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record on appeal leads us to conclude that the district court substantially complied

2

with the mandates of Rule 11 in accepting Gibson's plea. Moreover, the district court ensured that Gibson's guilty plea was knowing and voluntary and was supported by a sufficient factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

The district court designated Gibson an armed career criminal based on two North Carolina state convictions involving assault with a deadly weapon and a North Carolina state conviction for breaking and/or entering. As he did in the district court, defense counsel argues that Gibson's constitutional rights were violated because the predicate offenses supporting his armed career criminal designation were not charged in the indictment or found by a jury beyond a reasonable doubt. Because prior convictions supporting a defendant's designation as an armed career criminal need not be charged in the indictment or found by a jury beyond a reasonable doubt, this argument is meritless. See United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (holding that an indictment need not reference or list the prior convictions used to enhance a sentence); United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005) (holding that prior convictions used as the basis for an armed career criminal sentence need not be charged in the indictment or proven beyond a reasonable doubt).

Although not raised by counsel and raised by Gibson only in the context of an ineffective assistance of counsel claim,[1] Gibson's armed career criminal designation is in question because his breaking and/or entering conviction may not qualify as a predicate offense. Because this issue is considered for the first time on appeal, we review it for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010), petition for cert. filed (Mar. 8, 2011).

To qualify for the fifteen year mandatory minimum punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a felon in possession of a firearm or ammunition must have three prior convictions for a violent felony or serious drug offense or both, committed on occasions different from one another. A qualifying offense must be punishable by a term exceeding one year. 18 U.S.C. § 924(e)(2)(B). Under North Carolina's structured sentencing scheme, sentences are calculated based on an offender's criminal

---

[1] In his pro se supplemental brief, Gibson contends that counsel was ineffective for failing to assert at sentencing that his breaking and entering conviction did not qualify as an armed career criminal predicate offense. Because the record does not conclusively show that Gibson was denied effective assistance of counsel, see United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (holding that counsel's failure to anticipate change in law does not amount to ineffective assistance), Gibson's claim is not cognizable on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

history and whether his offense falls within the mitigated, presumptive, or aggravated range. N.C. Gen. Stat. § 15A-1340.17(c)-(d) (Lexis Nexis 2009).

At the time of Gibson's conviction and sentencing, existing precedent established that a prior conviction for a violent felony or serious drug offense was punishable by a prison term exceeding one year if the maximum aggravated sentence that would be imposed for that crime upon a defendant with the worst possible criminal history was more than a year. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Recently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (No. 08-4475), where we held that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Simmons, 2011 WL 3607266, at *3.

Gibson did not receive a sentence exceeding twelve months on his breaking and/or entering conviction and it is unclear from the record on appeal whether this conviction exposed him to a sentence exceeding twelve months and therefore was properly counted as the third predicate offense qualifying him for armed career criminal designation. If not, the maximum sentence Gibson faced was ten years' imprisonment, 18 U.S.C.

5

§ 924(a)(2), a sentence well below the 228-month sentence he received.

For these reasons, we affirm Gibson's conviction, but vacate his sentence and remand for the district court to consider Gibson's sentence in light of Simmons.[2] This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2] In accordance with Anders, we have reviewed the entire record and found no additional meritorious issues for appeal.