**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4271**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID MERO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, Chief District Judge. (4:17-cr-00013-MSD-RJK-1)

Submitted: February 28, 2019                                   Decided: March 7, 2019

Before WYNN and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Laura P. Tayman, LAURA P. TAYMAN, PLLC, Newport News, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Kaitlin G. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, David Mero pled guilty to conspiracy to commit bank and mail fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). The district court sentenced Mero to 116 months of imprisonment, and he now appeals. In his opening brief, Mero asserts that (1) he did not knowingly and voluntarily waive his right to appeal; (2) his Sixth Amendment rights were violated when federal agents interviewed him while he was in custody in Texas on related state charges; (3) his sentence is procedurally and substantively unreasonable because the district court did not sufficiently consider his nonfrivolous arguments for a downward departure; and (4) he received ineffective assistance of counsel because his trial counsel did not file a motion to suppress certain cell-site location information ("CSLI") evidence that the Government obtained without a warrant. The Government filed a response brief, arguing that the appeal is barred by the appellate waiver included in Mero's plea agreement. We dismiss the appeal.

Mero waived the right to appeal his "conviction and any sentence within the statutory maximum . . . on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal." (J.A. 607).[*] Upon review of the plea agreement, the transcript of the Fed. R. Crim. P. 11 hearing, and the transcript of the sentencing hearing, we conclude that Mero's waiver of appellate rights is knowing and voluntary. We further conclude that Mero's nonineffective-assistance-of-counsel-related

_____

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

2

Sixth Amendment claim and his challenge to his within-Guidelines sentence fall squarely within his valid waiver of appellate rights. Mero did not, however, waive the right to appeal a claim of "ineffective assistance of counsel . . . that is cognizable on direct appeal." (J.A. 607).

We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant satisfies the prejudice prong if he can establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the guilty plea context, Mero demonstrates prejudice by showing "a reasonable probability that, but for counsel's errors, he would . . . have insisted on going to trial" rather than pleading guilty and, further, that this decision to go to trial would have been objectively rational. *See United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Mero argues that the Government obtained CSLI without a warrant, in violation of the Fourth Amendment, and that trial counsel was constitutionally ineffective for not filing a motion to suppress. At the time trial counsel acted, a warrant was not required in this circuit to obtain CSLI from a third-party service provider. *See United States v.*

3

*Graham*, 824 F.3d 421, 425 (4th Cir. 2016) (en banc), *abrogated by Carpenter v. United States*, 138 S. Ct. 2206 (2018). Nevertheless, Mero argues that trial counsel should have filed a motion to suppress based on a circuit split on the issue and the Supreme Court's grant of certiorari in *Carpenter*. Even accepting Mero's contention that a motion to suppress, based on the circuit split, would have been "appropriate" in order to preserve the issue for appeal (Appellant's Br. at 28), the record does not conclusively show that counsel was ineffective for not doing so. *See, e.g.*, *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996) (concluding that trial counsel was not ineffective for failing to preserve issue on which Supreme Court had granted certiorari). Because the record does not conclusively establish ineffective assistance of counsel, we dismiss the appeal of Mero's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*